## 1767.  DOUGLAS *v.* THE STATE.

There was sufficient evidence to authorize the conviction.

Indictment for selling liquor, from Terrell superior court—
Judge Worrill.  February 22, 1909.

Argued April 13,—Decided May 4, 1909.

*H. A. Wilkinson,* for plaintiff in error.

*J. A. Laing, solicitor-general, Reuben R. Arnold,* contra.

POWELL, J.  The defendant was convicted of illegally selling
liquor.  The testimony for the State shows that a Mr. Lee gave
his negro porter, Tom Brinson, twenty-five cents and told him to
go to the defendant and buy him a half pint of whisky.  As soon
as the porter left on this mission, Lee called to a Mr. Pritchard
and told him that he had sent for the liquor and asked him to
watch the transaction so that if the defendant sold the liquor he
could furnish testimony in addition to that of the porter.  The
porter went to the defendant's house and returned with a half
pint of corn whisky, which he delivered to Lee.  Lee then turned
this bottle of whisky over to Pritchard, who had seen the porter
go into the defendant's house and who was awaiting the result
of the visit.  Pritchard and another person then went to the de-
fendant's house and found a jug of whisky containing about three
quarts of the same kind of liquor.  When this jug of whisky was
found in the defendant's house and he was confronted with the
situation, he admitted that he had sold the bottle of whisky to
Lee's porter that morning.  The porter, however, when called to
the stand by the State to testify, said, that, although he was given
the quarter by Mr. Lee to buy the whisky, when he approached
the defendant he said he did not have any to sell; that a proposi-
tion was then made to borrow some, and the defendant loaned him
a half pint under a promise that he would return it in a few days;

and that on the following Tuesday morning he went to another town and purchased a two-gallon jug of whisky, filled up the half-pint bottle, and returned it to the defendant. Upon the statement of the solicitor-general that he had been entrapped by the witness, the judge allowed the State (after laying the usual foundation) to prove that when this witness returned with the liquor and delivered it to Mr. Lee he stated that he had bought the whisky from the defendant. In connection with the admission of this testimony the judge cautioned the jury that it was not admitted as independent proof of the defendants' guilt, but that it was admitted solely for the purpose of impeaching the negro porter as a witness. It was further shown that the witness's statement, to the effect that he had gone to another town and bought whisky which he had returned to the defendant, was untrue. The defendant, in his statement, denied selling the whisky, admitted that he had delivered it to the porter, and claimed that he had merely loaned it to him, and that the loan was repaid the following week.

The contention of the defendant's counsel is that there is no proof of the corpus delicti—the sale of the whisky—otherwise than by the alleged confession of the defendant. This court thoroughly recognizes the rule that the corpus delicti must be established by evidence other than a confession; that a confession wholly uncorroborated by other evidence will not support a conviction. However, it is a part of the same rule that the corroborating testimony need not show the fact beyond a reasonable doubt, but is adequate if it tends materially to corroborate the confession and to connect the defendant with the crime. The circumstances, that the defendant had been sent to buy the whisky, and not to borrow; that he proceeded forthwith on the mission and returned with the whisky, and not the money; that there had been a delivery of the whisky; that the defendant's subsequent explanation that he had made a loan proved, in part at least, to be untrue by reason of the fact that the person to whom the whisky was delivered, and by whom it was said to have been returned, had had no opportunity to go off for it and return it, all tend strongly to raise the inference that the defendant had sold the whisky, and was certainly sufficient to corroborate his voluntary confession that he had sold it.

· The point is also made in the motion for a new trial that the ·court erred in allowing the State's counsel to show that the negro porter had stated to Mr. Lee that he had bought the whisky from ·the defendant; but it is not meritorious when considered in connection with the purpose of its admission and the cautionary remarks made to the jury by the presiding judge at the time of its admission.                    ·                    *Judgment affirmed.*