## 24755. NAVARRA *v.* THE STATE.

DECIDED MAY 24, 1935.

*W. H. Lasseter,* for plaintiff in error.
*Allan C. Garden, solicitor-general,* contra.

MACINTYRE, J. The defendant, Henry Navarra, was convicted of having and possessing intoxicating liquors. The testimony for the State, in part, was to the effect that the officer went to the home of Mrs. Hyde; she was in bed and said she was sick, and they found several bottles of whisky and a number of bottles in the closet in Mrs. Hyde's room; they also found a bottle of whisky in a dresser in her room, and a five-gallon jug of whisky in a closet in another room in her house. There was an outhouse back of the dwelling on the premises, which was locked. The officer asked for the key to the outhouse, and Mrs. Hyde told him that the defendant, Henry Navarra, had the key. The officer obtained the key from the defendant and unlocked the outhouse, which was a shed-like house

about 6 x 8 feet and had no windows, and no other door except the one which was locked. The officer found in this outhouse a gallon jug about two-thirds full of whisky and two boxes containing half-pint and pint bottles, some of them filled with whisky and some of them empty. The officer also found a funnel, a rubber tube, and several boxes of Applebee flavoring and coloring. The defendant told the officer that "he worked for Mrs. Hyde and waited on the trade. He told him about how he colored the liquor, and said he mixed it in the outhouse. The officer asked him how much flavoring it took, and he said he put three of these little boxes in a five-gallon jug and that it was ready in a short time. He also said that he had sold five gallons of whisky to one man the night before."

The plaintiff in error contends in his brief that "the only evidence corroborating the confession made in this case is that he had the key to the outhouse which contained the liquor, and this circumstance is explained by him; that the reason why he had the keys was because he had obtained them from his employer for the purpose of looking after her domestic affairs, on account of her being sick in bed and therefore unable to look after them herself, and since the case presents this very reasonable theory, showing the innocence of the plaintiff in error, the jury were compelled under the law . . to look for the more reasonable theory presenting his innocence [and] to discharge the plaintiff in error as a matter of law."

We can not agree with counsel for plaintiff in error in this contention. In *Douglas* v. *State,* 6 *Ga. App.* 157 (64 S. E. 490), the court said: "This court thoroughly recognizes the rule that the corpus delicti must be established by evidence other than a confession; that a confession wholly uncorroborated by other evidence will not support a conviction. However, it is a part of the same rule that the corroborating testimony need not show the fact beyond a reasonable doubt, but is adequate if it tends materially to corroborate the confession and connect the defendant with the crime." In *Holsenbake* v. *State,* 45 *Ga.* 43, 56, 57, the court stated that "Our Code provides that 'a confession alone, uncorroborated by other evidence, will not justify a conviction.' It is contended that, by this clause of the Code, it is necessary there shall be corroboration of the confession in that part of it which acknowledges that the prisoner committed the crime. . . The Code does not fix

the amount of corroboration. It does not say that it shall be corroborated in a number of particulars, but simply that a confession alone, uncorroborated by other evidence, shall not be sufficient. To require a confession to be corroborated in every particular, would be to say that a confession is not sufficient, unless there be other evidence, sufficient without the confession, which would be absurd. We do not feel authorized to draw any line. The confession must be corroborated, but how far, in what particulars, is not said." And in *Cook* v. *State,* 9 *Ga. App.* 208, 212 (70 S. E. 1019), the court said: "Even though the evidence apart from the confession may not have been sufficient of itself to authorize the conviction of the defendant, it was ample to corroborate the confession, and therefore the verdict of guilty was authorized. The confession was corroborated. While a conviction based upon an uncorroborated confession can not be sustained, the sufficiency of the circumstances adduced for the purpose of corroboration is to be determined by the jury."

While counsel for the defendant was addressing the jury and was arguing that before a conviction can be had upon a confession of guilt by the defendant, this confession must be corroborated by other evidence, the presiding judge interrupted counsel and made the following statement: "Confessions of guilt in misdemeanor cases do not have to be corroborated by any other evidence, and I expect to charge the jury it is not necessary in this case that the confession be corroborated." Counsel proceeded with his argument of the case to the jury, and near the close of the thirty minutes allotted to counsel for argument of the case the judge presiding again interrupted counsel and said, "I find that I was wrong about the statement I made with reference to confessions, and that a confession must be corroborated in misdemeanor cases." Plaintiff in error contends that this was prejudicial to his case and had a tendency to convey to the jury that the court was so anxious that movant be convicted that he made an erroneous statement to the jury as to the law of the case, and he contends that the result was an unfair trial of the case.

We think the first headnote in *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184), decides this contention adversely to the plaintiff in error. The headnote is as follows: "Where remarks are made by the trial judge to counsel in a criminal case in the hearing of the

jurors, which counsel contend were of such a character as to prejudice the minds of the jurors hearing them against the cause ·of their client, they should either move for a postponement of the hearing in order that other jurors may be empaneled than those present when the remark is made, or, if the jurors have actually been selected and empaneled to try the particular case, a motion should be made to have a mistrial declared; and upon the judge's refusal to grant a motion of the character indicated, his ruling would be subject to review. Counsel, having failed to make such motion and having proceeded without objection with the trial, can not, after conviction, raise the question as to· the prejudicial nature of the remarks complained of, in a motion for a new trial."

The evidence authorized the verdict.

· *Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*