## 59962. BRIDGES v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted and convicted of the offense of burglary. Defendant appeals. *Held:*

1. Defendant argues that the trial court erred in admitting into evidence his incriminating and involuntary statement to police. At a hearing held in accordance with Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908), defendant's wife, at common law, testified that she overheard police officers telling defendant that they would hold her in custody also if he did not admit to the burglary. The defendant testified that what he told the law enforcement officer about the burglary was the truth, however "[t]hey said that they would hold her [his wife], too; if I didn't admit it, they had both of us." He also testified that the law enforcement officers had promised to drop a kidnapping charge against him if he would tell them about the burglary. The investigating law enforcement officer testified that he advised defendant of his rights and defendant understood his rights, did not appear to be suffering from any mental impairment or under the influence of any drugs or alcohol, and that he did not threaten the defendant or make any promises or offers to him to induce him to make a statement. He also testified that as far as he was concerned the defendant's wife could have left if she had wanted to.

The defendant contends that due to the conflict of the evidence between the testimony presented in his behalf and that presented by the state that the state was obligated to present the testimony of another officer present when the defendant made his statement or to explain his absence. This is not the rule in Georgia, and we decline to follow the cases so holding from other states. "The standard the state was required to meet before the trial judge concerning the statement was to show it voluntary by a preponderance of the evidence considering the totality of the circumstances." *Lawrence v. State,* 235 Ga. 216, 219 (219 SE2d 101).

The conflict in the evidence presented by the state and that presented by the defendant created a factual and credibility issue for determination by the trial judge. Such determinations by the trial judge are accepted by the appellate courts unless clearly erroneous. *Griggs v. State,* 241 Ga. 317, 319 (5) (245 SE2d 269); *Young v. State,*

243 Ga. 546, 548 (3) (255 SE2d 20); *Jones v. State,* 148 Ga. App. 637 (252 SE2d 65). This enumeration of error is without merit, and the trial court did not err in admitting the defendant's statement.

2. Defendant contends that the trial court erred in failing to grant his motion for directed verdict in that the state's case is balanced entirely on his uncorroborated statement referred to in defendant's brief as a "confession." Defendant's statement to law enforcement officers was that he had entered the victim's house through an open back door and had taken a double-barreled shotgun and $20 in small change, then returned to the victim's nearby bar where he was drinking beer and remained there until closing time. The victim's testimony was that the defendant was in her bar (lounge) on the day on which the burglary occurred and that he left the bar for a period of time during which it was discovered that certain items including a double-barreled shotgun and some change had been stolen from her house. The victim testified that there was no sign of a forced entry into her house. She further testified that she heard the defendant, while in her bar after the burglary, say to his common law wife, "Well, I did it . . . We will gangbust it all the way to Florida now." The victim's testimony was sufficient to corroborate the defendant's statement to the law enforcement officer in that it established the corpus delicti of the burglary aliunde the admission to the law enforcement officer. *Price v. State,* 138 Ga. App. 558, 559 (226 SE2d 799).

Upon our review of the trial transcript and record, we find and so hold that a rational trier of fact (the jury in the case sub judice) was authorized by the evidence presented to conclude and find beyond a reasonable doubt that defendant was guilty of burglary. See *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED JUNE 5, 1980 — DECIDED
JULY 16, 1980.

*Victor Hawk,* for appellant.
*Richard E. Allen, District Attorney,* for appellee.