## 60504. ROSSER v. THE STATE.

POPE, Judge.
Jerry Rosser appeals his conviction of burglary. He contends that the trial court erred in ruling that his confession was voluntary and in overruling his motion for directed verdict. Finding no error, we affirm.

1. Appellant made an oral confession. He contends that the following factors, when taken together, compel the exclusion of that confession: (a) the confession was given at the police station; (b) the chief interrogator (who was also a prosecution witness) knew appellant had some sort of mental disability; (c) the confession was given while appellant was alone in the presence of three or four police officers; (d) appellant refused to sign a waiver form waiving his Miranda rights; (e) the chief interrogator could not remember several details surrounding appellant's arrest; and (f) the chief interrogator "could scarcely wait to tell the jury what an informant had stated connecting appellant with the crime and evinced a prejudicial

attitude toward appellant." The trial court sustained appellant's hearsay objections to testimony relating to any statements made by the informant.

The state produced three police officers whose unrebutted testimony was to the effect that appellant was advised of his Miranda rights prior to any questioning, that no threats or promises were made to appellant, and that appellant appeared to understand his rights. "The trial court concluded that [appellant] had freely and voluntarily waived his rights to silence and an attorney and had chosen to make a confession. We must accept those factual determinations by the trial court unless those findings are shown to be clearly erroneous (*High v. State,* 233 Ga. 153, 154 (210 SE2d 673)), and they are not so shown. The standard the[s]tate was required to meet before the trial judge concerning the statement was to show it voluntary by a preponderance of the evidence considering the totality of the circumstances. [Cits.] That standard was clearly met. The claim that the confession was involuntary because coerced by these conditions is without merit." *Pierce v. State,* 235 Ga. 237, 239 (3) (219 SE2d 158) (1975). Accord, *Spain v. State,* 243 Ga. 15 (1) (252 SE2d 436) (1979); *Williams v. State,* 238 Ga. 298 (1) (232 SE2d 535) (1977).

2. Appellant asserts (a) that there was no evidence connecting him with the crime except for his confession and (b) that there was no evidence that the burglary occurred on the date alleged in the indictment.

(a) "A confession alone, uncorroborated by any other evidence, shall not justify a conviction." Code § 38-420. "However, proof of the corpus delicti is held to be sufficient corroboration." *Gray v. State,* 135 Ga. App. 253 (4) (217 SE2d 482) (1975). In his confession, appellant admitted throwing a chair through a window at the burglarized residence and taking a television, a stereo and a clock radio. This confession was corroborated by evidence that the hall window of the victim's residence had been knocked out and that a portable color television, a stereo and an AM-FM clock radio were taken. *Hudgins v. State,* 153 Ga. App. 603 (2) (266 SE2d 284) (1980); *Gray,* supra.

(b) The indictment charged appellant with burglarizing the dwelling house of Robert L. Tweed in Hogansville, Georgia on September 6, 1979. Mr. Tweed testified that he left his house on the evening of September 6 and returned briefly on the morning of September 7; at that time he did not notice anything unusual. Upon his return later that same day, he discovered that someone had broken into the house and that several items were missing. Appellant was indicted on November 20, 1979.

"Unless time is an essential element of the offense charged, the time of the commission of the offense alleged in the indictment is immaterial. To sustain a conviction, there must be proof to establish that the offense occurred prior to the return of the indictment and within the statute of limitation. *Brown v. State,* 82 Ga. App. 673, 675 (62 SE2d 732). The [s]tate presented evidence establishing that the [offense] occurred prior to the return of the [indictment] and within the statute of limitation." *Jefferson v. State,* 136 Ga. App. 63, 66 (5) (220 SE2d 71) (1975).

Viewing the evidence in a light most favorable to the state, we conclude that any rational trier of fact could have found the essential elements of the crime of burglary beyond a reasonable doubt. *Bridges v. State,* 155 Ga. App. 369 (2) (271 SE2d 25) (1980).

*Judgment affirmed. McMurray, P. J. and Banke, J. concur.*

DECIDED JANUARY 16, 1981.

*Wayne Hadden,* for appellant.
*William F. Lee, Jr., District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.