## 64848. SHEPPARD v. THE STATE.

SHULMAN, Chief Judge.

This is an appeal from a conviction for leaving the scene of an accident. The sole enumeration of error states: "The Appellant's conviction was based on a purported 'confession' by Appellant, and since there was no corroboration of the 'confession' as required by law, Appellant's conviction was not justified and cannot legally be upheld." This enumeration clearly challenges the conviction solely on the ground that appellant's "confession" was uncorroborated.

We find the enumeration of error to be without merit. In addition to the "confession," evidence was adduced at trial showing the corpus delicti. Further, one witness placed appellant near the scene of the accident in question on the night the accident occurred. Evidence was also produced showing that appellant's automobile was damaged at approximately the same time the accident took place. "The question of the amount of evidence necessary to corroborate a confession is left to the jury (trier of fact), and the jury 'may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction.' [Cit.] Applying this rule to the instant case, we find that the trial court was authorized to find that the confession was corroborated as required by Code Ann. § 38-420." *Griswold v. State,* 159 Ga. App. 22, 24 (282 SE2d 679).

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 9, 1983.

*Frank H. Childs, Jr., Denmark Groover, Jr.,* for appellant.
*Joseph H. Briley, District Attorney, Norman R. Miller, Assistant District Attorney,* for appellee.