## 66565. BROWN v. THE STATE.
## 66566. PHILLIPS v. THE STATE.

QUILLIAN, Presiding Judge.

These two appeals involve two individuals who were both convicted based on allegations that they participated in the same burglary. From the evidence adduced at trial the following facts appear. The victim Ray Webb was the proprietor of a bait and tackle store. On Christmas night, Dec. 25, 1982, he slept at the store because of past experiences of "people breaking and entering." He was awakened by a noise about 1:00 a.m. on Dec. 26, 1982. Taking a pistol, he went from the storeroom where he was sleeping into the main part of the store where he encountered two individuals who had entered the store by removing a wall air conditioning unit. Webb instructed the two to "hold it right there." One of the individuals, later identified as the defendant Phillips, raised his hands and entreated "don't shoot us." The other individual crouched between the store's checkout counter and a door, and refused to come out in response to Webb's commands. He then broke for the door and fled

with the defendant Phillips also fleeing.

Webb then called the Sheriff's Department and when the deputies arrived gave a brief description of the individuals, stating that "the two people he believed had entered his establishment" had previously been in his store on several occasions and lived in a nearby trailer park. The police questioned the two suspects and obtained their photographs, which along with 10 others were placed in a photographic display for Webb to view. He identified the defendant Phillips but was unable to identify the other individual. Based on this identification, the defendant Phillips was arrested.

Subsequently the defendant Brown came into Webb's store and, according to Webb, the following conversation ensued: Brown began by asking: " 'I want to know why you put your finger on my buddy,' and I said, 'What do you mean by putting the finger on him?' He said, 'You identified him as the man that broke in your store,' and I said, 'That's right, I did.' Q. What was said next? A. He says, 'While you were holding the gun on him' on Doug Phillips, 'Why did you not shoot the man that was crouched down between the door and the checkout counter?' and I said, 'I identified Doug, I didn't feel like I had to shoot anyone.' He then said, 'When I turned and crawdadded out the door, why didn't you shoot me?' and I said, 'I've already answered your question, I have already told you I had identified Doug Phillips and I didn't have to shoot anybody.' "

After this conversation Webb contacted the law enforcement officers who arrested Brown. Thereafter, the two defendants were indicted, tried and convicted of burglary. *Held:*

1. In Appeal 66565 the defendant Brown contends that the evidence was insufficient to sustain his conviction. We recognize the established principle of law cited by his counsel that a confession must be corroborated by other evidence. OCGA § 24-3-53 (Code Ann. § 38-420). The defendant Brown's statement was more in the nature of an incriminating statement or admission. "Although it has often been stated that to amount to a confession the statement of the accused must admit all the essential elements of the crime, . . . study of the cases . . . shows that the true determinant is whether the statement is offered by the accused as exculpatory or inculpatory. . . . 'When a person admits only some subordinate fact or series of facts *from which the jury may or may not infer guilt,* and which would be true whether the main fact existed or not, there is no confession.' " (Cits. omitted.) *Robinson v. State,* 232 Ga. 123, 126 (205 SE2d 210). Accord, *Johnson v. State,* 242 Ga. 822 (1) (251 SE2d 563). While admissions are to be scanned with care and considered, along with other evidence, for what they are worth, it is not required that they be corroborated by other evidence, as are confessions to a crime.

*Sheffield v. State,* 188 Ga. 1, 11 (9) (2 SE2d 657).

Nevertheless, even if the defendant's statement be considered a confession, the rule is applicable that a conviction may be lawfully had upon a free and voluntary confession although corroborated only by proof of the corpus delicti. *Reddick v. State,* 202 Ga. 209 (1) (42 SE2d 742). "The quantum of evidence necessary to corroborate a confession is entirely for the jury to decide, as it may consider the confession along with other facts and circumstances independent of and separate from it in determining whether or not the corpus delicti has been established to their satisfaction." *Hilliard v. State,* 128 Ga. App. 157, 160 (7) (195 SE2d 772). Accord, *Gilder v. State,* 219 Ga. 495, 497 (133 SE2d 861); *Griswold v. State,* 159 Ga. App. 22 (3) (282 SE2d 679).

Here the defendant stated facts which, insofar as the record reveals, could only be known by the co-participant in the burglary and which were corroborated by the victim's testimony. The evidence was sufficient (*Bridges v. State,* 155 Ga. App. 369 (3) (271 SE2d 25); *Rosser v. State,* 157 Ga. App. 161, 162 (276 SE2d 672); *Owens v. State,* 157 Ga. App. 198 (276 SE2d 873); *Griswold v. State,* 159 Ga. App. 22, supra; *Cooper v. State,* 160 Ga. App. 287 (287 SE2d 284)) and a rational trier of fact could have found the defendant guilty beyond a reasonable doubt within the meaning of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. In Appeal 66566 the defendant does not question the sufficiency of the evidence but contends his identification was the result of procedure which was so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification. See Simmons v. United States, 390 U. S. 377, 384 (88 SC 967, 19 LE2d 1247); Neil v. Biggers, 409 U. S. 188, 199 (93 SC 375, 34 LE2d 401). It is urged that it was error to deny a motion for mistrial on this ground.

In this case there were two sheets of photographs shown the witness, each had six individuals on it and each had one individual wearing glasses. The defendant was the one wearing glasses on the first sheet. The evidence showed that the victim stated the defendant Phillips had been in his store on several occasions; the store was lighted "well enough you could read a paper"; also the victim told the officers immediately after the incident that the perpetrator lived in "Blair's trailer park" which was where defendant resided. The victim's identification of the defendant was based not on the photographs but his "own recollection" and was positive — "Beyond any doubt, that's the man . . ."

Under the "totality of circumstances" test, the trial judge did not err in denying the defendant's motion for mistrial. *Belcher v. State,* 159 Ga. App. 146 (1) (282 SE2d 760); *Heyward v. State,* 236 Ga.

526, 527 (1) (224 SE2d 383); Manson v. Braithwaite, 432 U. S. 98 (97 SC 2243, 53 LE2d 140).

*Judgments affirmed. Sognier and Pope, JJ., concur.*

DECIDED SEPTEMBER 9, 1983.

*Mack Reynolds,* for appellant (case no. 66565).
*Lee R. Hasty,* for appellant (case no. 66566).
*Arthur E. Mallory III, District Attorney, Blanchette C. Holland, Assistant District Attorney,* for appellee.