## 66903. PATRICK v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of armed robbery and now challenges the trial court's ruling that his confession was voluntarily made without hope of benefit. He contends that his statement was induced by hope of benefit when the sheriff allegedly promised that, in exchange for a statement, appellant would not be sent to Reidsville. See OCGA § 24-3-50 (Code Ann. § 38-411). At the Jackson-Denno hearing, the two law enforcement officers who took appellant's statement testified that appellant "didn't want to say anything because he was afraid he might have to go to Reidsville. And, he was told that whatever help could be given in keeping him out of Reidsville, that that help would be given." The sheriff elaborated on this when he stated, "We would talk to the Judge, right, and then, I think that we could have kept him out of Reidsville, and that's a fact." The sheriff denied that he promised to keep appellant out of prison.

1. Even if we were to assume that it was not appellant who first raised the Reidsville idea (see *Heard v. State,* 165 Ga. App. 252 (2) (300 SE2d 213)), we conclude that the benefit involved was not "hope of lighter punishment (induced by one other than the defendant)" (*Presnell v. State,* 241 Ga. 49 (5) (243 SE2d 496), revd. as to sentence only, 439 U. S. 14 (99 SC 235, 58 LE2d 207)), but was a collateral benefit which does not render a confession inadmissible. OCGA § 24-3-51 (Code Ann. § 38-412). The assurance that whatever help could be given would be given was, according to the sheriff's testimony, similar to a promise to inform the court of a defendant's cooperation. *Presnell v. State,* supra. See also *Bragg v. State,* 162 Ga. App. 264 (2) (291 SE2d 112). The statement was properly submitted to the jury.

2. Appellant also cites as error the denial of his motion for a directed verdict of acquittal on the ground that his confession was not adequately corroborated as required by OCGA § 24-3-53 (Code Ann.

§ 38-420). In his statement, appellant told the questioning officers that, as the driver of the getaway car, he accompanied others to Sterling Wofford's package store. He waited in the car while another went into the store and robbed its owner of approximately $300. The confession was corroborated by the testimony of the victim, Sterling Wofford, who stated that his package store was robbed of $300 to $400. The corpus delicti was thus established, and "corroboration of a confession in any material particular satisfies the requirements of the law. [Cits.]" *Cunningham v. State,* 248 Ga. 835 (3) (286 SE2d 427). The trial court did not err when it denied appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED DECEMBER 5, 1983 —
REHEARING DENIED DECEMBER 15, 1983 — ▮▮▮▮▮▮▮▮

*William T. Winder, Jerry C. Gray,* for appellant.
*Timothy G. Madison, District Attorney,* for appellee.