## 68036. WILLIAMS v. THE STATE.

BANKE, Judge.

Edward James Williams was convicted of one count of burglary and two counts of armed robbery. He was sentenced to 20 years imprisonment for the burglary and to life imprisonment for each count of armed robbery. On appeal, his sole contention is that the trial court erred in failing to direct a verdict of acquittal as to the burglary offense because the only evidence thereof was his uncorroborated confession.

A sheriff's investigator testified that on the morning the burglary was reported, he observed shoe prints on an old commode outside the burglarized building, near a rear window which had been pried open. The investigator stated that two inside doors leading to the main part of the store had also been pried open. The owner testified that upon opening the store that morning, he observed that one window was broken out, one door was torn off its hinges, and another door was pried open. He further testified that a quantity of beer, cigarettes, and meat were missing. Williams admitted in his confession that an associate had climbed on a commode and opened a window and that he (Williams) had then entered the store and handed out certain items of meat. He also admitted that both he and his companion subsequently entered the main store area through a door and removed a quantity of beer and cigarettes. *Held*:

"A confession alone, uncorroborated by any other evidence, shall not justify a conviction." OCGA § 24-3-53. However, proof of the corpus delicti is sufficient corroboration of a confession. Accord *Rosser v. State*, 157 Ga. App. 161 (2) (a) (276 SE2d 672) (1981). In the instant case, the appellant's confession was amply corroborated by the testimony of the investigator and the owner establishing the manner in which the offense had been committed. Accord *Cunningham v. State*, 248 Ga. 835 (3) (286 SE2d 427) (1982); *Sheppard v. State*, 165 Ga. App. 393 (301 SE2d 306) (1983). We are satisfied that the evidence as a whole was sufficient to enable any rational trier of fact to find the appellant guilty beyond a reasonable doubt. See generally Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89 (1) (263 SE2d 131) (1980).

*Judgment affirmed. Shulman, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1984.

*Larry B. Mims*, for appellant.
*Thomas H. Pittman, District Attorney, Robert C. Wilmot, Assistant District Attorney*, for appellee.