71024. KIRKSEY v. THE STATE.
71025, 71026. RIDDLE v. THE STATE (two cases).
(339 SE2d 401)

CARLEY, Judge.

Appellants Elmer Kirksey, Bernessa Riddle, and Hubert Riddle and two other defendants were all jointly tried for armed robbery. Appellants Elmer Kirksey and Hubert Riddle were found guilty of armed robbery. Appellant Bernessa Riddle was found guilty of robbery by intimidation. Of the remaining two defendants, one was acquitted and the other does not appeal. Appellants, however, filed sep-

arate appeals from the judgments entered on the verdicts. For purposes of appeal, the three cases are hereby consolidated and will be addressed in this single opinion.

1. Appellants each enumerate as error the general grounds. The evidence adduced at trial showed that the victim was robbed at knife point while in his home. A group of people participated in the crime, four of whom the victim observed at the time and later identified at trial. Appellants Bernessa Riddle, whom the victim knew, and Kirksey were among those he identified at trial as the robbers. Both appellants Kirksey and Hubert Riddle confessed their participation in the crime to the police, and their confessions were read into evidence. Appellant Kirksey had been identified, shortly after the robbery, buying items from a convenience store with money stolen from the victim. Appellant Bernessa Riddle testified at trial, implicating the other two appellants in the robbery and admitting her presence at the scene of the crime, but denying any participation. This evidence, viewed in the light most favorable to the verdict, was sufficient to enable a rational trior of fact to find beyond a reasonable doubt that appellants committed the offenses of which they were convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Chance v. State*, 172 Ga. App. 299 (322 SE2d 741) (1984).

2. Appellant Hubert Riddle moved for a directed verdict of acquittal on the ground that his confession, which he alleged to be uncorroborated, was insufficient to authorize his conviction. The denial of this motion is enumerated as error.

It is true that " '[a] confession alone, uncorroborated by any other evidence shall not justify a conviction.' [OCGA § 24-3-53.] 'However, proof of the corpus delicti is held to be sufficient corroboration.' [Cit.]" *Rosser v. State*, 157 Ga. App. 161, 162 (2) (276 SE2d 672) (1981). See also *Brown v. State*, 167 Ga. App. 851 (307 SE2d 737) (1983); *Patrick v. State*, 169 Ga. App. 302 (2) (312 SE2d 385) (1983), aff'd 252 Ga. 509 (314 SE2d 909) (1984). The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. *Chester v. State*, 74 Ga. App. 667 (41 SE2d 162) (1947). See also *Navarra v. State*, 51 Ga. App. 321, 332-333 (180 SE 375) (1935). "[C]orroboration in any material particular satisfies the requirements of the law. [Cits.]" *Reynolds v. State*, 168 Ga. App. 555 (1) (309 SE2d 867) (1983). In the instant case the corpus delicti was established by the victim's testimony, which evidence corresponded with the confession in several respects. The confession being sufficiently corroborated, the trial court did not err in refusing to direct a verdict of acquittal in favor of appellant Hubert Riddle.

3. Each appellant contends that the trial court erred in refusing to grant a mistrial following improper argument by the prosecutor.

Two separate instances are at issue. On both occasions, the trial court followed the denial of the motions for mistrial with curative instructions to the jury. No further objections or motions for mistrial were made. The denial of a motion for mistrial is not subject to review when the motion is not renewed following corrective instructions. *Whitaker v. State*, 246 Ga. 163 (269 SE2d 436) (1980). Accordingly, the enumerations of error are without merit.

*Judgments affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JANUARY 6, 1986.

*Robert L. Crowe*, for appellants (case nos. 71024, 71026).
*John W. Davis*, for appellant (case no. 71025).
*Glenn Thomas, Jr., District Attorney, E. Jerrell Ramsey, Assistant District Attorney*, for appellee.