## 72149. RYAN v. THE STATE.
### (346 SE2d 3)

CARLEY, Judge.
Appellant was convicted of armed robbery and appeals from the judgment and sentence entered on the jury verdict finding him guilty as charged. The only enumeration of error is that the trial court erred in failing to direct a verdict of acquittal in favor of appellant. Appellant contends that his confession, which was admitted into evidence by the trial court after a *Jackson-Denno* hearing, was uncorroborated and, therefore, insufficient to authorize a conviction. The victim was unable to positively identify appellant because her assailant wore a mask which completely covered his face. However, she did testify that, as she was opening the convenience store where she worked at 6:30 a.m., she was robbed by a man holding a large handgun who took her maroon pocketbook containing cash. In his confession to police officers, appellant stated that he robbed a female at the designated convenience store during the early morning hours and that he was armed with a gun. Appellant stated he took a red pocketbook from the victim.

"It is true that ' "[a] confession alone, uncorroborated by any other evidence shall not justify a conviction." [OCGA § 24-3-53.] "However, proof of the corpus delicti is held to be sufficient corroboration." [Cit.]' *Rosser v. State,* 157 Ga. App. 161, 162 (2) (276 SE2d 672) (1981). See also *Brown v. State,* 167 Ga. App. 851 (307 SE2d 737) (1983); *Patrick v. State,* 169 Ga. App. 302 (2) (312 SE2d 385)

(1983), aff'd 252 Ga. 509 (314 SE2d 909) (1984). The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. *Chester v. State*, 74 Ga. App. 667 (41 SE2d 162) (1947). See also *Navarra v. State*, 51 Ga. App. 321, 332-333 (180 SE 375) (1935). '[C]orroboration in any material particular satisfies the requirements of the law. [Cits.]' *Reynolds v. State*, 168 Ga. App. 555 (1) (309 SE2d 867) (1983). In the instant case the corpus delicti was established by the victim's testimony, which evidence corresponded with the confession in several respects. The confession being sufficiently corroborated, the trial court did not err in refusing to direct a verdict of acquittal in favor of appellant. . . ." *Kirksey v. State*, 177 Ga. App. 428, 429 (339 SE2d 401) (1986).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 23, 1986.

*E. Buford Whatley, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Albert Tester, Assistant District Attorney*, for appellee.