## A96A0602. JONES v. THE STATE.
### (471 SE2d 318)

Pope, Presiding Judge.

A jury convicted defendant Willie Jay Jones of driving under the influence of alcohol in violation of OCGA § 40-6-391 (a) (1) and (4), and of possessing an open alcoholic beverage container while operating a vehicle in violation of OCGA § 40-6-253. On appeal, defendant does not challenge the sufficiency of the evidence against him, but rather enumerates as error the trial court's failure to ask or have the prosecution ask each prospective juror the statutory voir dire questions found in OCGA § 15-12-164 (a), and the trial court's failure to grant defendant's motion for a mistrial based on an improper statement the prosecutor made during closing argument. Finding no merit to either enumeration, we affirm defendant's conviction.

1. OCGA § 15-12-164 (a) provides in pertinent part as follows: "On voir dire examination *in a felony trial*, the jurors shall be asked the following questions: (1) 'Have you, for any reason, formed and expressed any opinion in regard to the guilt or innocence of the accused?' If the juror answers in the negative, the question in paragraph (2) of this subsection shall be propounded to him; (2) 'Have you any prejudice or bias resting on your mind either for or against the accused?' If the juror answers in the negative, the question in paragraph (3) of this subsection shall be propounded to him; (3) 'Is your mind perfectly impartial between the state and the accused?' If the juror answers this question in the affirmative, he shall be adjudged and held to be a competent juror in all cases where the authorized penalty for the offense does not involve the life of the accused. . . ." (Emphasis supplied.) Although we believe that the better practice is for the trial court or the prosecution to ask these questions in all criminal cases, based on the express language found in OCGA § 15-12-164 (a), the above questions must be asked only in felony cases. Because defendant in this case was charged with misdemeanors, it was within the trial court's broad discretion not to have the statutory questions propounded to the prospective jurors. See *Nobles v. State*, 127 Ga. 212, 215 (1) (56 SE 125) (1906).

We also note that defendant did not object to the trial court's fail-

ure to have the statutory questions propounded until after the jury had been selected. Under such circumstances, we conclude that defendant's objection was untimely. This is especially true in light of the fact that defendant was given ample opportunity during the voir dire proceedings to question prospective jurors as to any bias or prejudice they might have, yet failed to take advantage of this opportunity. See *Quick v. State*, 256 Ga. 780, 783 (3) (b) (353 SE2d 497) (1987). Additionally, we note that there is no evidence, and defendant does not even contend, that any of the jurors were biased or prejudiced against defendant.

2. During closing argument, the prosecutor stated: "You know there's one thing that I've noticed in seeing people testify from the jury box, and that's this. What people do, their conduct is often more telling than what they say, and of course in this case the defendant didn't say. . . ." Thereafter, defendant moved for a mistrial on the ground that the statement was an improper comment on defendant's failure to testify at trial. The trial court denied the motion and immediately issued a curative instruction to the jury, wherein the court admonished the prosecutor for making the statement and instructed the jury that the statement should have no part in their deliberations and should be disregarded. After the instruction was given, defendant did not object or renew his motion for mistrial. As such, defendant failed to preserve the issue for appeal. *Kirksey v. State*, 177 Ga. App. 428, 429-430 (3) (339 SE2d 401) (1986); see also *Roberson v. State*, 195 Ga. App. 379 (2) (393 SE2d 516) (1990); *Smith v. State*, 187 Ga. App. 322 (2) (370 SE2d 185) (1988). Accordingly, this enumeration of error presents nothing for review.

*Judgment affirmed. Andrews and Smith, JJ., concur.*

DECIDED MAY 10, 1996.

*Thomas J. O'Donnell*, for appellant.
*H. Brannen Bargeron*, for appellee.