## 36599. BARBOUR v. DEMOCRATIC EXECUTIVE COMMITTEE OF CRAWFORD COUNTY et al.

MARSHALL, Justice.

On May 28, 1980, the appellant filed an application with the Crawford County Democratic Executive Committee to be certified as a candidate for the office of Sheriff of Crawford County. On June 5, the committee denied the appellant's application on the ground that he had been convicted of felony involuntary manslaughter in 1960. On June 10, the appellant filed a complaint for writ of mandamus in the Crawford Superior Court, seeking to compel the committee to certify him as a candidate for sheriff in that the State Board of Pardons and Paroles had in 1975 granted the appellant a pardon. This pardon expressly relieves the appellant of all legal disabilities resulting from his 1960 involuntary manslaughter conviction. On July 7, the superior court entered an order ruling that, notwithstanding the appellant's pardon, he remains disqualified to seek the office of sheriff. We granted the appellant's application for expedited appeal, but we affirm.

Code Ann. § 2-501 (Art. II, Sec. II, Par. I of the Ga. Constitution of 1976) does provide that persons convicted of various offenses — including any crime involving moral turpitude, punishable by the laws of this state with imprisonment in the penitentiary — shall not be permitted to hold any office, unless such persons shall have been pardoned. However, Code Ann. § 2-5808.1 (Art. IX, Sec. I, Par. IX, of the Ga. Constitution of 1976) authorizes the General Assembly to provide by law for higher qualifications for sheriffs. This the General Assembly has done through the enactment of Code Ann. § 24-2801 (Ga. L. 1977, pp. 1171, 1172, as amended). Code Ann. § 24-2801 (c) (1) (F) provides, "No person shall be eligible to hold the office of Sheriff who does not have all of the following qualifications: . . . Have not been convicted of a felony offense or any offense involving moral turpitude contrary to the laws of this State or any other State, or the United States."

Reading Code Ann. §§ 2-501 and 24-2801 (c) (1) (F) in pari materia, we conclude that it was the intent of the General Assembly to prohibit a convicted felon from running for the office of sheriff even though such person might obtain a pardon for the felony. See Op. Atty. Gen. 80-56. We further conclude that the General Assembly is authorized under Code Ann. § 2-5808.1 to make such provision.

*Judgment affirmed. All the Justices concur, except Clarke, J., who concurs specially, and Jordan, P. J., Nichols and Hill, JJ., who dissent.*

DECIDED JULY 15, 1980 —
REHEARING DENIED JULY 29, 1980.

Brown, Katz, Flatau & Hasty, S. Phillip Brown, for appellant.
Mincey & Kenmore, David Mincey, Jr., Arthur K. Bolton, Attorney General, Michael J. Bowers, Assistant Attorney General, for appellees.

CLARKE, Justice, concurring specially.

Although I reach the same conclusion as the majority, I feel compelled to specially concur in the judgment since I interpret Code Ann. § 24-2801 (c) (1) (F) as a positive expression on the part of the General Assembly to establish a qualification for the service in the office of sheriff rather than impose a disqualification for such service. In so doing, the General Assembly is simply exercising the power granted under Code Ann. § 2-5808.1 (Art. IX, Sec. I, Par. IX of the Ga. Const. of 1976). In exercise of this authority, the General Assembly is empowered to require reasonable qualifications of those persons serving as sheriffs in the State of Georgia. In my opinion, requiring that such person be free of a conviction of a felony or crime involving moral turpitude, whether pardoned or not, is not an unreasonable qualification. It is true that the State Board of Pardons and Paroles relieved appellant of his legal disabilities, but failure to meet reasonable qualifications for public office is not a legal disability. For this reason, I am of the opinion that the trial court should be affirmed.

JORDAN, Presiding Justice, dissenting.

The qualifications for the office of sheriff are set forth in Code Ann. § 24-2801 (Ga. L. 1977, pp. 1171, 1172; 1978, pp. 244, 245). The relevant qualification in this case is § 24-2801 (c) (1), "Have not been convicted of a felony offense or any offense involving moral turpitude contrary to the laws of this State, or any other State, or the United States." The issue here is whether the pardon eliminated the disqualification under § 24-2801 (c) (1) (F) resulting from the appellant's previous conviction.

Since the controlling statute does not make any provision regarding the legal effect of pardons, it is necessary to construe it in pari materia with other relevant statutory and Constitutional law. See Ryan v. Commrs. of Chatham County, 203 Ga. 730, 731-732 (48 SE2d 86) (1948). The State Board of Pardons and Paroles has the power to grant pardons and to remove disabilities imposed by law. Ga. Const. Art. IV, Sec. II, Par. I (Code Ann. § 2-2001). Art. II, Sec. II,

Par. I of the Constitution (Code § 2-501) states that previously convicted felons can not hold public office "unless such persons shall have been pardoned." Code § 89-101 (3) disqualifies convicted felons from holding public office "unless restored by a pardon . . ." Code § 89-101 (8) provides that "[a]ll officers are eligible to reelection and reappointment and to hold other offices, unless expressly declared to the contrary by the Constitution or laws." (Code Ann. § 24-2801 does not expressly disqualify one who has been pardoned of a felony from seeking the office of sheriff). Code Ann. § 77-528 (Ga. L. 1943, pp. 185, 195) provides: "Following the effective date of this Chapter, all pardons shall relieve from civil and political disabilities."

This court has held that "the grant of a pardon restores one to full rights of citizenship . . ., *including the right to hold public office,* and operates to remove all blot and stain growing out of a previous conviction of a felony involving moral turpitude . . ." (Emphasis supplied.) *Morris v. Hartsfield,* 186 Ga. 171 (3) (197 SE 251) (1938). "An attorney who has been disbarred by virtue of having been convicted of a crime involving moral turpitude is not as a matter of law forever barred from the practice of law, where such attorney has been granted a full pardon of the crime for which he was convicted." *Scott v. Leathers,* 78 Ga. App. 661 (1) (52 SE2d 40) (1949).

It is not reasonable to conclude that the 1977 amendment to the Georgia Constitution (Code Ann. § 2-5808.1) even attempted to grant the General Assembly the power to deprive the State Board of Pardons and Paroles of its constitutional power to remove disabilities imposed by law by way of pardons, or to abrogate the other constitutional provisions above cited, which specifically qualify a pardoned felon to hold public office.

Nor does the statement of intent of the General Assembly in Code Ann. § 24-2801 (a) require a finding that such long-standing constitutional, statutory and case law be changed. The mere fact that § 24-2801 (c) (1) (F) does not contain a provision pertaining to pardon, is not sufficient to eliminate from our body of laws by *implication* this well-established provision. Any such drastic amendment must be by more specific legislative pronouncement to be given effect. An analysis of the provisions of Code Ann. § 24-2801 indicates that the apparent legislative intent was to provide for higher and stricter educational and training requirements.

It does not appear that the General Assembly intended that a pardoned felon could not run for the office of sheriff when the constitution and statutes would allow the same person to run for any other office in the State from justice of the peace to Governor, nor that the General Assembly in any way intended to deprive the Pardons and Parole Board of its power to restore disabilities

imposed by law.

Accordingly, I would hold that the appellant's disqualification as a result of his felony conviction was removed by his pardon, and that the trial court erred in denying his writ of mandamus.

I am authorized to state that Justice Nichols and Justice Hill join in this dissent.