## 36623. GROGAN v. PAULDING COUNTY DEMOCRATIC EXECUTIVE COMMITTEE et al.

PER CURIAM.

Perry Grogan appeals the dismissal of his complaint filed against the Probate Judge of Paulding County and the Paulding County Democratic Executive Committee in which he sought an order allowing him to become a candidate for the office of Sheriff of Paulding County during the August 5, 1980, Democratic primary.

We granted his motion to expedite the appeal. We affirm the trial court.

1. The trial court held that Grogan failed to meet the requirements of Code Ann. § 24-2801 (c)(1)(G) and (c)(2) pertaining, respectively, to fingerprinting the candidate and the candidate's affidavit of his or her qualifications.[1] Grogan contends that the word "primary" nowhere appears in the Code section, and the word "election" as used throughout the section must be construed to mean the general election not the primary. His reliance upon Code Ann. § 34-103 (e)[2] is misplaced since it is clear from Code Ann. § 34-103 (x) that a primary is a specie of election.[3]

We cannot believe that the General Assembly intended to allow a person to qualify to run for sheriff in a primary election who had not complied with Code Ann. § 24-2801. To hold otherwise would be to allow a party to nominate as candidate for office of county sheriff a person disqualified to stand in the general election.

We hold that the deadlines stated in Code Ann. § 24-2801 (c)(1)(G) and (c)(2) are applicable to a person seeking by primary election his party's nomination as candidate for the office of county sheriff. Accordingly, the trial court did not err in holding that the Paulding County Democratic Executive Committee was authorized to issue the notice of disqualification.[4]

2. Grogan's other contention is that the trial court erroneously dismissed his claim for damages against the Probate Judge and the Democratic Executive Committee of Paulding County. He sought

---

[1] Code Ann. § 24-2801 (c) (1) (G) requires that a candidate "Be fingerprinted and a search made of local, State and National fingerprint files to disclose any criminal record, said fingerprints to be taken under the direction of the judge of the probate court, and must be taken on or before, but no later than, one hour following the close of the qualification for election to the office of sheriff."

Code Ann. § 24-2801 (c)(2) requires that "Each person offering his candidacy for the office of sheriff shall swear or affirm before the judge of the probate court, at the time for qualifying, that he has, or meets, all of the qualifications required pursuant to the provisions of this subsection."

[2] Code Ann. § 34-103 (e) states, "The word 'election' shall mean any general or special election and shall not include a primary."

[3] Code Ann. § 34-103 (x) states, "The word 'primary' shall mean any election held for the purpose of electing party officers or nominating candidates for public offices to be voted for at an election."

[4] Contrary to Grogan's contentions, Code Ann. § 34-902(d) does not serve to limit the qualifications of a person seeking through primary election his party's nomination as candidate for the office of county sheriff. Neither do the words "eligible to hold the office of sheriff" appearing in Code Ann. § 24-2801 require a different result. See *Barbour v. Democratic Executive Committee of Crawford County,* 246 Ga. 193 (1980).

damages in the amount of the sums he spent seeking the office of sheriff.

He concedes that the burden was on him as a candidate to be aware of all qualifications for the office he was seeking. However, he contends that although the defendants originally had no legal duty to inform him about the existence of *any* of the qualification requirements, they assumed a legal duty by mentioning to him *some* of the requirements and breached that assumed duty by not telling him about *all* of the requirements.

He offered proof that the defendants knew about the fingerprinting and affidavit of qualification requirements of Code Ann. § 24-2801. He relies upon the cases of *Mixon v. Dobbs Houses, Inc.,* 149 Ga. App. 481 (254 SE2d 864) (1979), *Simmerson v. Blanks,* 149 Ga. App. 478 (254 SE2d 716) (1979), and *Shirley Cloak & Dress Co. v. Arnold,* 92 Ga. App. 885 (90 SE2d 622) (1955), to support his theory of recovery.

Grogan and the defendant Ducky Johns, the probate judge, testified that they had a two to four minute conversation during which Grogan asked Judge Johns what he should do to qualify for the primary and Judge Johns told Grogan that he should talk with Ken Thigpen or Shirley Hardy of the Paulding County Democratic Executive Committee. Grogan swore he then went to Shirley Hardy's office, filled out the qualification form she gave him, and paid her the qualifying fee. Grogan testified that he believes that Shirley Hardy did not tell him about the fingerprinting and affidavit provisions because had she done so he would have complied with them; and that he does not remember her telling him but will not swear flatly that she did not. Shirley Hardy testified that she does not recall whether or not she told Grogan about those two requirements but that she feels she must have done so. She testified that when she discovered during the last few hours before the close of qualifying that Grogan had not completed the fingerprinting and affidavit requirements, she tried to contact him through members of his family and at his place of business but was not able to reach him because he had gone fishing. Grogan testified that he was not asserting that the defendants had some reason to see to it that he was not qualified; and that he was not saying that they kept him from qualifying or treated him differently from other candidates for sheriff. He testified three times that he did not ask whether there were other qualification requirements in addition to filling out the form and paying the fee. The qualifications for sheriff had been published in the local Paulding County newspaper but Grogan swore he did not read them.

The trial court found as a fact, based on evidence in the

transcript of proceedings, that Grogan made no specific request for any further information as to qualifications for the office of sheriff. Pretermitting the questions of whether or not liability ever might attach under any circumstances, and whether the defendants or any of them enjoy judicial immunity respecting such matters, we hold that Grogan cannot expect of these defendants that they bring to his attention additional qualification requirements when he failed to ask them specifically whether they had informed him of the existence of all such requirements. The trial court did not err in dismissing the claim for damages.

*Judgment affirmed. All the Justices concur, except Hill, Bowles, and Clarke, JJ., who concur in the judgment only.*

DECIDED JULY 29, 1980 —
REHEARING DENIED AUGUST 11, 1980.

*Bruce D. Duncan, Janyce O. Covington,* for appellant.
*Thomas C. Sanders, John Perren,* for appellees.

ON MOTION FOR REHEARING.

Grogan contends that the word "election" as used in § 24-2801 does not include a primary because Code Ann. §§ 34-103 (e) and 34-103(x) draw a sharp distinction between elections and primaries. Although the Georgia Election Code, Code Ann. § 34-101, et seq., makes a distinction between elections and primaries, many other statutes do not. Code Ann. § 24-2801 is one of the statutes that do not. It used the word "election" generically, which includes a primary.

*Motion for rehearing denied. All the Justices concur, except Jordan, P. J., and Marshall, J., not participating.*