### 37530. GEORGIA PEACE OFFICER STANDARDS & TRAINING COUNCIL v. MULLIS.

CLARKE, Justice.

We are called upon to determine whether the statute establishing the qualifications for employment as a peace officer conflicts with the constitutional provision which prohibits certain persons from holding positions of trust. The trial court found such a conflict. We disagree.

Appellee Larry Theo Mullis was convicted of forgery in Bleckley County in 1966. He received a sentence of two years probation upon payment of $102.50 and restitution. Found to be fully rehabilitated in 1973, he was granted an unconditional first offender pardon by the State Board of Pardons and Paroles. Subsequently, appellee became a deputy sheriff for Dodge County, Georgia, and applied to the Georgia Peace Officer Standards and Training Council for certification as a peace officer in accordance with Code Ann. § 92A-2101, et seq. Appellee's application was denied at an initial hearing on the sole ground that he had been convicted of a felony. A

hearing before the entire council resulted in affirmance of the prior denial. Appellee appealed to the Superior Court of Dodge County, which held that there is an irreconcilable difference between Code Ann. § 92A-2108 (d) and Art. II, Sec. II, Par. I of the Constitution of Georgia of 1976 (Code Ann. § 2-501). It is from this order that the present appeal is taken.

Code Ann. § 92A-2108 (d) sets out as a qualification for employment or certification as a peace officer that the applicant not have been convicted by any state or by the federal government of any crime punishable by imprisonment. Art. II, Sec. II, Par. I of the Constitution of Georgia of 1976 (Code Ann. § 2-501) provides that persons convicted of a crime of moral turpitude shall not be permitted to register to vote or hold any office or appointment of honor or trust in this state unless pardoned.

In *Barbour v. Democratic Executive Committee,* 246 Ga. 193 (269 SE2d 433) (1980), we held that it was the intent of the General Assembly to prohibit a convicted felon's running for the office of sheriff even if he obtained a full pardon. We further found that Art. IX, Sec. I, Par. IX of the Constitution of 1976 (Code Ann. § 2-5808.1) authorized the General Assembly to impose this prohibition.

Code Ann. § 2-5808.1 provides: "Any provision of this Constitution to the contrary notwithstanding, every sheriff shall possess the qualifications required by general law as minimum standards and training for peace officers. The General Assembly is hereby authorized to provide by law for higher qualifications for sheriffs. The provision of this Paragraph shall not apply to any sheriff in office on January 1, 1977." This paragraph of the constitution in effect recognized and ratified the qualifications required by general law for peace officers at the time of ratification, November 2, 1976. Code Ann. § 92A-2108 (d) is among the standards in existence at the time of ratification of Code Ann. § 2-5808.1. The constitutional provision contemplates that the General Assembly will set qualifications and standards for peace officers, as well as sheriffs. One of the effects of ratification of this provision is to endow the minimum standards for peace officers as they existed at that time with constitutional validity. The appellee here cannot successfully attack the validity of the standards.

Code Ann. § 92A-2108 sets forth the qualifications for peace officers. The constitutional provision of which § 92A-2108 (d) was found to be violative, Code Ann. § 2-501, is captioned "Registration of electors; who disfranchised." This constitutional provision *disfranchises* certain classes of people, including persons convicted of crimes of moral turpitude. This disenfranchisement is, however, lifted if the person is pardoned. The Constitution therefore imposes a

disability which is lifted following a pardon. The constitutional *prohibition* against a convicted felon's holding an appointment of honor or trust, such as the position of deputy sheriff, unless pardoned, in no way prevents the General Assembly from imposing as a *qualification* for peace officer that he not have been convicted of a felony.

In determining who may legally serve in a public office, it is logical to first specify who among the public is *prohibited* from service and then proceed to narrow the list by rationally establishing rules setting up who is *qualified* to serve. The first step is the broad statement of public policy which is appropriate for a constitution. It would normally be couched in negative terms. The second step is a more specific treatment of the needs of the times and is appropriate for legislative enactment. This would normally be in positive terms. This is the constitutional and statutory scheme we find in this case. The constitution prohibits certain persons from serving but qualifies this prohibition. The statute then meets the needs of the times by taking into account the various methods and grounds for pardons. In doing this, the legislature acted positively in declaring that among the qualifications for service is the absence of a conviction.

*Judgment reversed. Hill, P. J., Marshall and Smith, JJ., concur. Jordan, C. J., and Gregory, J., dissent.*

DECIDED SEPTEMBER 8, 1981.

*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant Attorney General,* for appellant.
*H. G. Bozeman, Will A. Burch, Jr.,* for appellee.