### A92A1881. JOLLEY v. GRANTHAM.
(424 SE2d 362)

ANDREWS, Judge.

Candidate Jolley, running for sheriff of Harris County, appeals the superior court's reversal of the superintendent of elections' decision that he was qualified to run.[1]

Jolley qualified to run for the Democratic nomination for sheriff on April 29, 1992. Prior to doing so, he had initiated his retirement request for separation from the Army and had been notified that his scheduled date of separation from the service was October 31, 1992. His retirement ceremony was June 16, 1992 and he was placed on terminal leave status as of July 20, 1992. He also sought and was granted permission from the Staff Judge Advocate's office to file for the sheriff's nomination, in compliance with Army Regulation 600-20.

In his Declaration of Candidacy, filed April 29, Jolley stated his profession or occupation as "retired Federal Service." In the additional affidavit required for the office of sheriff, in the blank asking for places of employment for the past six years, Jolley listed "October 1972 — Present U. S. Government."

Elector Grantham filed his complaint with the superintendent of elections, challenging the qualifications of Jolley for the office. The grounds for his challenge were that Jolley had made a false statement under oath[2] in his Declaration, because he stated that he was retired when he was not, but was instead an active duty Army Warrant Officer, and that he was not eligible to hold the office of sheriff because the federal "Hatch Act" prohibited him from doing so.[3]

The hearing before the probate judge, sitting as the superintendent of elections, is included in the record and reflects that these were the only grounds urged there.

On these grounds, the superintendent concluded that the Hatch Act did not apply to members of the armed forces and that, even as-

---

[1] This court issued an order pursuant to Rule 50 staying the superior court's order and thereby allowing Jolley's name to appear on the July primary ballot.

[2] False swearing on a notice of candidacy is prohibited by OCGA § 21-2-565 (a) and is a misdemeanor. OCGA §§ 21-2-560; 16-1-10.

[3] See generally 5 USCA § 7324 (a).

suming that the statement concerning retirement was false, that would not be a felony and therefore would not disqualify him from running.

Elector Grantham then appealed to the superior court pursuant to OCGA § 21-2-6 (d), which provides that such decision may be appealed and that the "review shall be conducted by the court without a jury and shall be confined to the record. The court shall not substitute its judgment for that of the superintendent as to the weight of the evidence on questions of fact. The court may affirm the decision or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the findings, inferences, conclusions, or decisions of the superintendent are: (1) In violation of the Constitution or laws of this state; (2) In excess of the statutory authority of the superintendent; (3) Made upon unlawful procedures; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion."

Relying on *Grogan v. Paulding County Democratic Exec. Comm.*, 246 Ga. 206, 207 (1) (269 SE2d 467) (1980) and 10 USCA § 973, the superior court disqualified Jolley from running, finding as a matter of fact that he would "continue to be an active duty officer until at least October 31, 1992."

1. To the extent that the superior court relied upon 10 USCA § 973, it exceeded its authority as a reviewing court, since that section is not part of the Hatch Act and was not relied upon before the superintendent of elections. OCGA § 21-2-6 (d), supra; see *Georgia Power Co. v. Ga. Pub. Svc. Comm.*, 196 Ga. App. 572, 579 (5) (396 SE2d 562) (1990).

2. Further, the court's reliance upon that section appears to have been misplaced.[4] It provides that "(a) No officer of an armed force on active duty may accept employment if that employment requires him to be separated from his organization, branch, or unit, or interferes with the performance of his military duties. (b) (1) This subsection applies — (A) to a regular officer of an armed force on the active-duty list . . . (B) to a retired regular officer of an armed force serving on active duty under a call or order to active duty for a period in excess of 180 days; . . . (3) Except as otherwise authorized by law, an officer to whom this subsection applies may not hold or exercise, by election or appointment, the functions of a civil office in the government of a

---

[4] The version of that statute relied upon by the court was superseded by Pub. L. 98-94, Sept. 24, 1983, now codified as 10 USCA § 973 (b).

State, . . . (or of any political subdivision of any such government)."

Those two sections, read together, reflect that the prohibition is on holding the office, not seeking it. Here, by the date of the general election,[5] Jolley will be retired as he will on the date in 1993 when he would assume the office, if elected. See *Houlihan v. Saussy*, 206 Ga. 1, 5 (55 SE2d 557) (1949). Further, the record reflects that he obtained the permission of his superiors and the Staff Judge Advocate's office before qualifying.

*Grogan* does not require the result reached either, since it holds only that a candidate for sheriff must meet the requirements set by state statute, which Jolley does. OCGA § 15-16-1; *Barbour v. Democratic Exec. Comm.*, 246 Ga. 193 (269 SE2d 433) (1980); *Georgia Peace Officer &c. Council v. Mullis*, 248 Ga. 67 (281 SE2d 569) (1981).

*Judgment reversed. Pope, J., concurs. Beasley, J., concurs specially. Birdsong, P. J., disqualified.*

BEASLEY, Judge, concurring specially.

I concur except with respect to what follows.

As to Division 2, subsection (a) of the statute need not be considered. Subsection (b) is directly on point and is the basis for appellant's argument. One need not read the two subsections together to obtain the meaning of subsection (b). It is confusing, it seems to me, to bring the prohibition against "accept[ing] employment" into the current analysis. The candidacy is not being challenged as violative of that subsection.

It should be noted that the "false statement" ground ruled on by the probate judge was not ruled on thereafter so is not subject to review here, even though appellee attempts to raise it in his brief.

DECIDED OCTOBER 30, 1992.

*Elkins & Gemmette, James A. Elkins, Jr., Bobby G. Peters*, for appellant.

*Denney, Pease, Allison, Kirk & Lomax, Robert R. Lomax*, for appellee.

---

[5] Sheriffs are elected in the "November election next preceding the expiration of the term of office." OCGA § 21-2-9.