S93A1702. McINTYRE v. MILLER et al.
(436 SE2d 2)

CARLEY, Justice.

In 1984, appellant-plaintiff was convicted of a felony. He completed his sentence in 1987 and his civil and political rights were restored. As of January 1, 1991, however, our constitution was amended to provide as follows: "No person . . . who has been convicted of a felony involving moral turpitude, unless that person's civil rights have been restored and at least ten years have elapsed from the date of the completion of the sentence without a subsequent conviction of another felony involving moral turpitude, . . . shall be eligible to hold any office . . . in this state." Georgia Const. of 1983, Art. II, Sec. II, Par. III. Appellant filed a declaratory judgment action, seeking a declaration that the above-quoted constitutional amendment did not disqualify him from holding public office. The trial court found, however, that the constitutional amendment did serve to render appellant ineligible to hold public office. It is from that order of the trial court that appellant brings this appeal.

1. Appellant has "[t]he right to hold office, *unless disqualified by the Constitution and laws of this state. . . ."* (Emphasis supplied.) OCGA § 1-2-6 (a) (5). "As to the time at which a person's eligibility for public office is determined, this court has consistently fixed it as *the date of the election.* [Cits.]" (Emphasis supplied.) *Hulgan v. Thornton,* 205 Ga. 753, 757 (2) (55 SE2d 115) (1949). Appellant nevertheless contends that he had a vested right to seek public office prior to January 1, 1991 and that the constitutional amendment cannot be construed retroactively so as to impair that vested right. It is clear, however, that not even

> [a]n incumbent in a public office [has] a vested right in the office which entitles him to complain of legislation affecting the office upon the ground that it is retrospective where no other right under the Constitution is violated. [Cits.]

*Smith v. Abercrombie,* 235 Ga. 741, 749 (221 SE2d 802) (1975). In

*Barbour v. Democratic Executive Committee of Crawford County*, 246 Ga. 193 (269 SE2d 433) (1980), a statute which provided that a convicted felon could not hold the office of sheriff was held to disqualify an individual from seeking that office notwithstanding his receipt of a full pardon prior to the effective date of the statute. If giving effect to a statute which prescribes new eligibility requirements to hold public office cannot be said to impair vested rights, then giving the same effect to a constitutional amendment which prescribes new eligibility requirements to hold public office certainly cannot be said to impair vested rights.

It follows that appellant has no vested rights which mandate a deviation from the long-standing rule that eligibility to hold public office is to be determined by the statutory and constitutional requirements in effect on the date of the election.

2. Appellant further urges that his disqualification pursuant to the constitutional amendment would violate the principle of double jeopardy.

> [T]he determination whether a given civil sanction constitutes punishment in the relevant [double jeopardy] sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve.

*United States v. Halper*, 490 U. S. 435, 448 (III) (109 SC 1892, 104 LE2d 487) (1989). The obvious purpose of the instant constitutional amendment is not to impose an additional penalty upon convicted felons, but merely to designate a reasonable ground of eligibility for holding public office in this state. See *Trop v. Dulles*, 356 U. S. 86, 95-97 (II) (78 SC 590, 2 LE2d 630) (1958). Accordingly, appellant's contention that his disqualification would violate the principle of double jeopardy is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 19, 1993 —
RECONSIDERATION DENIED NOVEMBER 23, 1993.

*Christopher G. Nicholson, Barnes, Browning, Tanksley & Casurella, George T. Smith,* for appellant.

*Michael J. Bowers, Attorney General, Stephanie B. Manis, Deputy Attorney General, Burnside, Wall, Daniel & Ellison, Robert C. Daniel, Jr., Capers, Dunbar, Sanders, Bruckner & Clarke, Paul H.*

*Dunbar III, Ziva P. Bruckner*, for appellees.