S95A0558. CITY OF BALDWIN et al. v. BARRETT.
(458 SE2d 619)

THOMPSON, Justice.

In 1991, while Barrett was Mayor of the City of Baldwin, he was charged in two indictments with various misdemeanor and felony offenses against the City. Pursuant to a negotiated plea agreement, he pled guilty to two felony counts (theft by taking and forgery) in return for first offender treatment and orders of nolle prosequi on all other counts. As part of the plea bargain, Barrett and his attorney signed an agreement with the district attorney specifying "that he will resign as Mayor of Baldwin, and he will never again seek, run for, nor accept election or appointment to any public office." It further provided that should Barrett "ever default in this agreement," he would be subject to prosecution for the alleged crimes, regardless of any bar to prosecution.

The court accepted the plea, and Barrett was sentenced to five years probation as a first offender. Consistent with the agreement, the court ordered as a condition of probation that Barrett would resign as Mayor and would not "seek, run for, nor accept election or appointment to any public office."

Barrett was discharged from probation in 1992. In 1993, he sought reelection and was again elected Mayor of Baldwin. In 1994, he was reindicted on all the original charges.[1]

---

[1] These included four felony and three misdemeanor charges all involving moral turpitude and theft of city property relating to the performance of his office as mayor. After he successfully moved to dismiss all but one of the reindicted charges, the State appealed. The Court of Appeals affirmed in part, as to dismissals based on double jeopardy grounds; and reversed in part, reinstating the charges dismissed on statute of limitation grounds. *State v. Barrett,* 215 Ga. App. 401 (451 SE2d 82) (1994). As a result, Barrett remains under indictment for two felony and three misdemeanor charges.

Relying on a provision of the Baldwin City Charter that allowed for the temporary suspension of a mayor or city council member under felony indictment,[2] the City Council suspended Barrett from office and installed an acting mayor. Barrett sought writs of quo warranto[3] and mandamus[4] against the City of Baldwin, the City Council and the interim Mayor ("City"), seeking to oust the interim mayor and to compel the defendants to install him (Barrett) as mayor. The City counterclaimed for a writ of quo warranto. The trial court denied relief to the City and granted Barrett's writ of mandamus.[5] Because we conclude that Barrett was rendered ineligible to seek or hold office by virtue of the plea agreement, we reverse the grant of mandamus.

It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant.[6] Barrett entered into a bargain with the district attorney to forego seeking or holding public office in exchange for the dismissal of certain criminal charges and for lenient treatment following his plea of guilty to two felony offenses.[7] As the Court of Appeals recognized, Barrett "was cognizant of the right waived and that . . . waiver was knowingly and voluntarily made."[8] The agreement was sanctioned by the court and incorporated into the sentencing order as a condition of probation.

The facts convince us that the prosecutor extracted the waiver to safeguard the public interest by preventing Barrett from holding a position where he may repeat the misconduct. " ' "Public policy and the great ends of justice . . . require that the arrangement between the public prosecutor and the [defendant] be carried out." ' [Cit.]"[9] The waiver survived resolution of the charges that led to the plea bargain.[10] As a result, Barrett was ineligible to run in the 1993 mayoral election.

Mandamus will issue when a petitioner has a clear legal right to the relief sought or when there has been a gross abuse of discretion.[11] Because he was ineligible to hold any public office, Barrett had no clear legal right to be installed in the office of mayor. Election results

---

[2] See Ga. L. 1986, p. 5587, § 5-4 (b).

[3] See OCGA § 9-6-60 et seq.

[4] See OCGA § 9-6-20 et seq.

[5] The Court directed the City to determine Barrett's eligibility under OCGA § 45-5-6. If it failed to do so within 15 days, then the writ of mandamus would issue, requiring the City to reinstate Barrett as mayor.

[6] *State v. Hanson*, 249 Ga. 739 (295 SE2d 297) (1982); *Martin v. State*, 207 Ga. App. 861 (429 SE2d 332) (1993).

[7] *Barrett*, supra at 405.

[8] *Barrett*, supra at 406.

[9] *Martin*, supra at 863, quoting *Hanson*, supra at 745 (3).

[10] *Barrett*, supra at 407.

[11] *Carnes v. Charlock Investments*, 258 Ga. 771 (373 SE2d 742) (1988).

cannot cure his ineligibility.[12] Consequently, issuance of the writ of mandamus was in error.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 29, 1995.

*Hulsey, Oliver & Mahar, R. David Syfan,* for appellants.
*James N. Butterworth,* for appellee.

---

[12] See *McIntyre v. Miller,* 263 Ga. 578 (436 SE2d 2) (1993).