**WHOLE COURT**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**July 10, 2012**

# In the Court of Appeals of Georgia

A12A0048. HOGAN v. THE STATE.

McFADDEN, Judge.

Vincent Hogan appeals from his conviction for false swearing, arguing that under the rule of lenity, he should have received a misdemeanor, rather than a felony, sentence. However, because there is no uncertainty as to the punishment that applies to the offense of false swearing, the rule of lenity does not apply and the trial court correctly sentenced Hogan for a felony.

The record shows that in December 2010, Hogan was indicted for one count of false swearing. In June 2011, he entered a non-negotiated guilty plea to the charge. At the plea hearing, the state set forth, as the factual basis for the plea, that in September 2009, Hogan executed an affidavit of candidacy stating that he was not a convicted felon, or, if he was convicted felon, that his sentence had expired at least

ten years earlier and all his rights had been restored; that such statement was false because Hogan had been convicted of prior felonies, including a federal felony for which the sentence had expired in 2004, only five years before he executed the affidavit; and that his rights had not been restored. Hogan stipulated that there was a factual basis for the plea. The trial court accepted the plea and imposed a five-year sentence, ordering Hogan to serve 18 days in confinement and the rest of the sentence on probation.

Hogan claims that the trial court erred in holding that the rule of lenity does not apply to his sentence for false swearing in violation of OCGA §§ 21-2-565 and 16-10-71. Under the rule of lenity,

> where any uncertainty develops as to which penal clause is applicable, the accused is entitled to have the lesser of two penalties administered. The rule derives from the instinctive distaste against men languishing in prison unless the lawmaker has clearly said they should. . . .The rule of lenity is particularly applicable where the two crimes at issue involve different grades of punishment, i.e., a misdemeanor and a felony.

(Citations and punctuation omitted.) *Dixon v. State*, 278 Ga. 4, 7 (1) (d) (596 SE2d 147) (2004). In the instant case, there is no uncertainty as to the penal clause that is applicable to the crime to which Hogan pled guilty.

2

OCGA § 21-2-560, which addresses the making of false statements generally, provides: "*Except as otherwise provided in Code Section 21-2-265*, any person who shall make a false statement under oath or affirmation regarding any material matter or thing relating to any subject being investigated, heard, determined, or acted upon by any public official, in accordance with this chapter, shall be guilty of a misdemeanor." (Emphasis supplied.) Thus, it is clear from the plain language of this statute that OCGA § 21-2-265 provides an exception to the general provision that making a false statement under oath is a misdemeanor.

Consistent with that exception, OCGA § 21-2-265 (a) provides: "Any person knowingly making any false statement in connection with filing a notice of candidacy under Code Section 21-2-132 or in connection with qualifying as a candidate for party nomination under Code Section 21-2-153 *commits the offense of false swearing.*" (Emphasis supplied.) The offense of false swearing is a felony that is codified at OCGA § 16-10-71, and the annotations section of OCGA § 21-2-265 specifically cross-references OCGA § 16-10-71. Indeed, in establishing that making false statements in connection with a notice of candidacy constitutes the offense of false swearing, the General Assembly expressly indicated that a person convicted of such offense "shall be punished as provided by [OCGA § 16-10-71]." 1976 Ga. Laws,

3

p. 206, § 2. In that regard, OCGA § 16-10-71 (b) provides that "[a] person convicted of the offense of false swearing shall be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both."

"In Georgia, a felony . . . is defined as any crime punishable by death, by imprisonment for life, or by imprisonment for more than 12 months, while a misdemeanor . . . is defined as any crime other than a felony, i.e., punishable in a manner less than a felony . . . (12 months or less)." (Citation, punctuation and emphasis omitted.) *Calbreath v. State*, 235 Ga. App. 638, 639 (1) (510 SE2d 145) (1998). See also OCGA §§ 16-1-3 (5), (9). Thus, Hogan's false swearing offense, punishable by imprisonment for more than 12 months, constitutes a felony. Because there is no uncertainty as to the applicable sentence for that crime, the rule of lenity does not apply, and the trial court's imposition of a five-year sentence was appropriate and within the sentencing range for that offense. Accordingly, we find no error.

We note that Hogan has cited dicta in a footnote from the case of *Jolley v. Grantham*, 206 Ga. App. 100, n. 2 (424 SE2d 362) (1992), which indicates that false swearing on a notice of candidacy under OCGA § 21-2-565 is a misdemeanor. Not

4

only is the language in that footnote non-binding dicta, but as explained above, it is incorrect to the extent it indicates that the offense of false swearing as proscribed by OCGA § 21-2-565 is punishable as a misdemeanor, rather than as a felony. Moreover, the Georgia Supreme Court recently criticized *Jolley* as having incorrectly addressed an issue outside of this court's jurisdiction, noting that "the Court of Appeals improperly decided, albeit without mention of jurisdiction, an appeal of a challenge to a candidate's qualifications to run for county sheriff brought under [OCGA] § 21-2-6. [Cit.]" *Cook v. Bd. of Registrars of Randolph County*, ___ Ga. App. ___ (2) (a), fn. 2 (Case No. S12A0140, decided May 7, 2012). Consequently, to the extent *Jolley* states that offense of false swearing under OCGA § 21-2-565 is punishable as a misdemeanor, rather than as a felony, it is hereby disapproved.

*Judgment affirmed. Ellington, C. J., Barnes, P. J., Phipps, P. J., Doyle, P. J., Andrews, Miller, Mikell, Adams, Blackwell, Dillard, and Boggs, JJ., concur.*