21659. REMINGTON CASH REGISTER SALES CO. *v.* ORR DRUG CO.

STEPHENS, J. 1. An offer to contract may be withdrawn by the offeror before its acceptance by the offeree. Where a signed written offer to purchase a cash register has been delivered to the sales manager of the seller and transmitted to the home office of the seller for acceptance, a notification by the offeror, transmitted to the home office before the offer is accepted, countermanding and withdrawing the offer, operates as a withdrawal of the offer. An acceptance of the offer afterwards by the seller fails to create a contract of sale. A provision in the contract that "this contract . . shall not be countermanded" imposes no limitation upon the power of the offeror before the instrument becomes a con-

tract by the offeree's acceptance. Especially ·is this true where, upon the written offer, there is a provision, although it is placed after the signatures, that all orders are subject to acceptance by the company at the home office. An insistence afterwards by the sales company to the offeror that the latter is bound by the contract and can not countermand it, and that the company will hold him to the terms ·of the contract, in the absence of any agreement or act upon the part of the offeror which amounts to a waiver of his countermand of the offer, does not create a contract. Where the cash register was never tendered to the offeror or accepted by him, a delivery afterwards by him to the sales company of another cash register belonging to the offeror, which had been purchased from the sales company, and which by the terms of the offer was to be accepted by the sales company in part payment upon the cash register which the offeror, in the offer, offered to buy, but which the sales company, after keeping it for some time, tendered back to the offeror, is not sufficient to authorize the inference that the offeror thereby withdrew his countermand of the offer and had acquiesced in the seller's insistence that there existed a contract, and that a contract arose between the parties, where the purchaser had, prior to the return of the cash register, stated to the sales company that he would not carry out the terms of the alleged contract for the purchase of the cash register.

2. In a suit by the sales company against the offeror to recover a balance due on the purchase-price of a cash register which the defendant had sold to the plaintiff under a contract other than that. referred to in paragraph 1 above, where the defendant pleaded, as an accord and satisfaction of the contract sued on, an alleged agreement by which the contract sued on was to be cancelled and the cash-register which was the subject-matter of the contract sued on was to be returned to the plaintiff, and an alleged agreement between the parties for the purchase of a new cash register, arising out of an alleged acceptance by the plaintiff of the offer referred to in paragraph 1 above, the evidence was, under the ruling there made, insufficient to establish a valid and binding contract between the parties as an accord and satisfaction of the debt sued on. The verdict for the defendant was as a matter of law unauthorized.

3. Under the above rulings it is unnecessary to pass upon the special grounds of the plaintiff's motion for a new trial.

4. The court erred in overruling the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 24, 1932.

*Joseph M. Lang, Winfield P. Jones,* for plaintiff.
*J. G. B. Erwin,* for defendant.