## 37081. COMER v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of murder and sentenced to life imprisonment. In this appeal, he argues that the evidence introduced at trial would have authorized the jury in finding him guilty of voluntary manslaughter. Therefore, the appellant argues that the trial judge erred in failing to instruct the jury on voluntary manslaughter, even though the appellant did not request such a charge; and the appellant also argues that the trial judge erred in overruling his motions for directed verdict of acquittal and for new trial.

We have no trouble in holding that there was no evidence of "serious provocation" resulting in "sudden, violent, and irresistible passion" so as to raise the offense of voluntary manslaughter under Code Ann. § 26-1102. The evidence at trial showed the following:

The appellant and the victim had played pool the night before the homicide, and the victim had not paid on a $3 bet. The appellant returned to the poolhall the following night with a rifle. When he saw the victim in the poolhall, he shot him four or five times. The victim turned and began to walk away, but he fell down. The appellant then walked up to the victim and shot him several more times. The victim was shot a total of nine times by the appellant.

The trial judge did not err in overruling the appellant's motion for directed verdict of acquittal and for new trial. A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

*John H. Ruffin, Jr.,* for appellant.
*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney*

*General, Mary Beth Westmoreland, Assistant Attorney General,* for appellee.