### 72676. NATION v. THE STATE.
(349 SE2d 479)

SOGNIER, Judge.

Appellant was convicted of armed robbery and appeals.

1. Appellant contends the trial court erred by denying his motion for a new trial because the evidence is not sufficient to support the verdict. The evidence disclosed that John L. Tyler was found dead in his trailer on the late afternoon of January 7, 1984. The death was caused by a gunshot wound, and one of two billfolds carried by Tyler was missing. Prior to Tyler's death, appellant told several people that he knew an old man that he could rob and get a lot of money, and on one occasion mentioned Tyler's name. Shortly after the murder and robbery Tommy Lloyd, Roger Lloyd and Glenda Lloyd came to Georgia from South Carolina looking for appellant. They were stopped by police and asked what they were doing in the area. The Lloyds informed the police they were looking for appellant, and learned from the police of the murder and robbery. They were not detained and ultimately located appellant. When the Lloyds related this information to appellant, he told both Roger and Tommy Lloyd that he had committed the robbery, but did not kill Tyler. Appellant also said that he had to split the money (about $700) with the other "dude" that was with him. The Lloyds departed and went straight to the sheriff's office and told the sheriff and a GBI agent what appellant had said to them.

Appellant testified that the night Tyler was murdered and robbed he had spent the evening drinking with Ed Carter at the home of Gail Gooch's parents. Carter, Gail and appellant then went to Carter's house, drank some more, and when Carter went to sleep appellant drove Gail home. Appellant left the Gooch home around 2:00 or 2:30 a.m. and returned to Carter's home, where appellant went to sleep. Appellant's activities were substantiated by the GBI, but other than appellant's own statement, no one could account for his whereabouts from 2:30 a.m. until 7:00 a.m., when Carter got up and saw appellant sleeping in his house. Appellant denied telling Tommy and Roger Lloyd that he robbed Tyler, and denied any involvement in the murder or robbery.

Appellant contends the only evidence against him was his extrajudicial statement to the Lloyds, and since there is no evidence of intent and no evidence that a weapon was involved or that a theft occurred, appellant's conviction cannot stand. This contention is without merit.

OCGA § 24-3-53 provides that a confession alone, uncorroborated by any other evidence, shall not justify a conviction. However, a conviction may be had on a confession although corroborated only by proof of the corpus delicti. *Brown v. State*, 167 Ga. App. 851, 853 (1) (307 SE2d 737) (1983). The amount of evidence necessary to corroborate a confession is for the jury to decide, as it may consider the confession along with other facts and circumstances independent and separate from it in determining whether or not the corpus delicti has been established to their satisfaction. Id. In the instant case it was established that Tyler was murdered by means of gunshot wounds to the chest and abdomen, and that one of his two billfolds was taken. This was sufficient to establish the corpus delicti, i.e., that an armed robbery occurred. The fact that appellant discussed robbing Tyler prior to the murder and robbery, together with evidence that appellant needed a large amount of money for a court appearance three days after the offenses were committed, is circumstantial evidence of appellant's intent to rob Tyler of his money. Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Accordingly, it was not error to deny appellant's motion for new trial on the general grounds.

2. During presentation of the defense case appellant moved for a continuance based on the unavailability of a witness material to appellant's defense of alibi. The court denied the motion because the witness had been injured severely in a motorcycle accident, his doctor would not allow him to be moved, and it was not known when the witness would be available to appear and testify. In overruling the motion the trial judge afforded appellant time to take a deposition from the witness, and the State offered to videotape the deposition so the jury could observe the demeanor of the witness. Appellant contends denial of his motion for a continuance was error because he met all requirements for a continuance to be granted when a material witness is unavailable through no fault of the moving party. We do not agree.

When a criminal defendant moves for a continuance based on the absence of a witness, the trial court's discretion is not abused unless the defendant has shown the court that he met all requirements of OCGA § 17-8-25 (formerly Code Ann. § 81-1410). *Watts v. State*, 142 Ga. App. 857 (1) (237 SE2d 231) (1977). Those requirements include a showing that the witness will be available at the next term of court. Appellant made no such showing; in fact, in response to a question from the court as to when the witness would be ready to testify, appellant's counsel replied: "I don't know." Hence, the court did not err by denying appellant's motion for a continuance. Id.

3. Appellant contends error in excluding recorded prior consis-

tent statements by him denying his guilt. This contention is not supported by the transcript. Tommy Lloyd testified that several months after his conversation with appellant in which he stated he robbed Tyler but did not kill him, a GBI agent placed a body bug on Lloyd, who then engaged appellant in conversations about the murder and robbery. Appellant brought out this information on cross-examination of Lloyd, who testified that in his conversations with appellant while Lloyd was wearing a body bug, appellant denied participation in the crimes. Appellant was also allowed to testify that he denied participation in the crimes in these conversations with Lloyd. Thus, contrary to appellant's contention, his prior consistent statements denying participation in the crimes were allowed into evidence, and this court cannot consider factual representations in a brief which do not appear in the record. *Chamlee v. State*, 166 Ga. App. 696, 697 (2) (305 SE2d 369) (1983).

4. Appellant contends error by allowing the State to introduce evidence of appellant's prior convictions, thus placing his character in issue when he had not done so himself. This enumeration of error is without merit.

While testifying on direct examination appellant stated that he told Tim Attaway, a GBI agent, that he had two guns, both of them in pawn. Appellant then testified that when he asked Attaway if it was going to get anyone in trouble, Attaway said no, we (the GBI) are not going to bring gun charges against you knowing that you are a felon. By this testimony appellant, in effect, stated that he had been convicted of prior criminal offenses and thus, put his character in issue. When a defendant admits any prior criminal conduct, the prosecutor may cross-examine him as to such conduct and may prove other prior convictions. *Phillips v. State*, 254 Ga. 370, 372 (329 SE2d 475) (1985). Hence, the trial court did not err by admitting evidence of appellant's prior convictions.

5. Appellant contends the trial court erred by charging on conspiracy and parties to a crime. To support this contention appellant, in his brief, refers us to his argument and citation of authorities in support of his enumeration of error on the general grounds (Division 1). We find nothing in the argument on that enumeration of error which has any bearing on the court's charges on conspiracy and parties to a crime. Since appellant has presented no argument or citation of authorities on this enumeration of error, it is deemed abandoned pursuant to Rule 15 (c) (2) of this court.

6. After deliberating for some time the jury submitted a question to the court asking, in part, if it was possible to qualify a guilty charge with "guilty by conspiracy." The court's response was that it would recharge on conspiracy if the jury so desired, and that might answer the question about a qualified finding of guilty by conspiracy.

Appellant contends it was error not to inform the jury that they could not have such a qualified finding.

Appellant admitted to two persons that he committed the robbery, so any conspiracy charge on findings could only relate to the charge of murder. Since appellant was acquitted of murder, any alleged error in relation to the charge of murder is moot, and even if erroneous, there could be no harm to appellant.

*Judgment affirmed. Banke, C. J., and Birdsong, P. J., concur.*

DECIDED SEPTEMBER 17, 1986 —
REHEARING DENIED OCTOBER 7, 1986.

*Timothy P. Healy*, for appellant.

*Michael H. Crawford, District Attorney, Leonard M. Geldon, Assistant District Attorney*, for appellee.