A90A2082. GREENE v. KEENER.
(402 SE2d 284)

BEASLEY, Judge.

In a bench trial, plaintiff Greene lost her suit to rescind the sale of an antique secretary, and to recover it. The Supreme Court transferred this appeal, as not being an equity case. 1983 Const. of Ga., Art. VI, Sec. VI, Par. III (2).

Viewed in favor of the judgment, the evidence showed the following. Greene placed on sale several pieces of antique furniture from her mother's estate in Valdosta. Because she lived in Atlanta she authorized her cousin to show the furniture. Keener inquired about the price of the secretary and was informed that it would be $4,200. Greene intended the price to be $6,000 and was unsure whether she wanted

to sell it, but in conversation with Keener she agreed to sell it for $4,200. Keener said he was very interested and "the only thing I wanted to do was to be sure it blended in with the rest of our furniture." After some discussion it was agreed that Keener could take the secretary home and see if it matched his other furniture.

The night after Keener had the secretary taken to his home, Greene called and informed him that she no longer wanted to sell the secretary and asked that he return it. Keener said "hold on a minute," and went to speak with his wife. He inquired if she liked the piece and she responded yes. At the trial there was a dispute as to what Keener then told Greene. Taking the version favorable to the prevailing party, Keener informed her that "she liked the secretary" and "would like to keep" it.

The trial court determined that there was a valid binding contract for the sale. On appeal Greene contends that there was a mutual rescission of the contract. However, it was not necessary that the parties mutually rescind the contract because it was undisputed that Greene revoked her offer before there was an acceptance by Keener.

"An offer to contract may be withdrawn by the offeror before its acceptance by the offeree." *Remington Cash &c. Co. v. Orr Drug Co.,* 45 Ga. App. 66 (1) (162 SE 921) (1931). This is true even where the contract provides that it remain open for a stated time. *State Hwy. Dept. v. MacDougald Constr. Co.,* 54 Ga. App. 310 (1) (187 SE 734) (1936). "The consent of the parties being essential to a contract, until each has assented to all the terms the contract is incomplete. Until assented to, each party may withdraw his proposition." *Milner Hotels v. Black,* 196 Ga. 686, 691 (27 SE2d 402) (1943). To effectively terminate, there must be notification of the revocation by the offeror which is communicated to the offeree prior to acceptance by the latter. See 17 AmJur2d 374-376, Contracts, §§ 35; 36 and 37; 17 CJS 706, Contracts, § 50.

When the secretary was taken to Keener's home the contractual status was substantially equivalent to that found in *Stone Mountain Properties v. Helmer,* 139 Ga. App. 865 (229 SE2d 779) (1976). The sale was conditioned upon the item being satisfactory to the purchaser. At that point the contract was unenforceable on the part of the seller and lacked mutuality, but once Keener did agree that the secretary "fit in" with his furniture at home a contract could be formed. *Helmer,* supra at 869. The evidence unequivocally demonstrates that Keener had not made that determination prior to Greene's informing him that the deal was off. Her action revoked the offer before acceptance by the seller could occur.

" '[I]f both parties meet, one prepared to accept and the other to retract, whichever speaks first will have the law with him; and this question is one of fact to be decided by the jury.' " *Helmer,* supra at

870 quoting from 17 CJS 708, Contracts, § 50 (a). Both parties testified that Greene told Keener she did not want to sell and it was only afterwards that Keener discussed the issue with his wife and then relayed her assent indicating a desire to keep the secretary. As a matter of law, communication of the withdrawal of the offer occurred prior to acceptance.

Applying OCGA § 9-11-52 (a), the trial court erred in determining that there was a valid contract for the sale of the secretary.

*Judgment reversed. Pope and Andrews, JJ., concur.*

DECIDED JANUARY 25, 1991 —
REHEARING DENIED FEBRUARY 13, 1991 — ■

*David F. Sandbach, Jr.,* for appellant.
*William P. Langdale, Jr.,* for appellee.

