## A91A1330. POWELL v. THE STATE.
(410 SE2d 378)

McMurray, Presiding Judge.

Defendant was tried before a jury and found guilty of aggravated assault and possession of a firearm during the commission of a crime. This appeal followed. *Held*:

1. In his first enumeration, defendant contends the trial court erred in denying his motion for a directed verdict, arguing that there was insufficient evidence to corroborate his admission that he shot a handgun and missed a "dude" he intended to kill and hit the two-year-old victim.

"OCGA § 24-3-53 provides that a confession alone, uncorroborated by any other evidence, shall not justify a conviction. However, a conviction may be had on a confession although corroborated only by proof of the corpus delicti. *Brown v. State*, 167 Ga. App. 851, 853 (1) (307 SE2d 737) (1983). The amount of evidence necessary to corroborate a confession is for the jury to decide, as it may consider the confession along with other facts and circumstances independent and separate from it in determining whether or not the corpus delicti has been established to their satisfaction. Id." *Nation v. State*, 180 Ga. App. 460 (1), 461 (349 SE2d 479).

In the case sub judice, an eyewitness testified that he saw defendant fire several rounds from a handgun and that the gunfire hit the two-year-old victim. This testimony and evidence that defendant was carrying small caliber ammunition shortly after the shooting sufficiently corroborated defendant's admission and authorized the jury's finding that defendant was guilty, beyond a reasonable doubt, of aggravated assault and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for directed verdict of acquittal.

2. Next, defendant contends the trial court erred in denying his motion for a mistrial after his character was placed in issue.

The record shows that Officer Lamar Clark of the Rome City Police Department testified that defendant was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694), and that defendant indicated that he understood his rights by responding, " 'I have had them read to me before.' " Defense counsel objected and complained that the officer's testimony "infers that [defendant] has been involved in some sort of previous criminal activity and thus puts his character in issue. . . . I would have to move for a mistrial." The trial court denied the motion for mistrial, but instructed the jury as follows: "Ladies and gentlemen, that last comment was not directed to this case at all and has nothing to do with the trial of the defendant in this case, and I'm going to instruct you to

disregard the comment made by Officer Clark with respect to the reading of these rights previously to the defendant. It has nothing to do with this charge or these charges before you and will have nothing to do with the verdict that you render in this case, and I instruct you to disregard it completely; and I instruct Officer Clark not to refer to that any longer."

"The granting or refusing of a motion for mistrial is necessarily a matter largely within the discretion of the trial judge, and unless it is apparent that a mistrial is essential to the preservation of the right to a fair trial, the exercise of the judge's discretion will not be interfered with. [Cits.]" *Stanley v. State*, 250 Ga. 3, 4 (2) (295 SE2d 315). The circumstances of the case sub judice do not reveal an abuse of the trial court's discretion in denying defendant's motion for mistrial. Curative instructions were promptly given and the State's witness was admonished to refrain from referring to the objectional testimony. *Beach v. State*, 258 Ga. 700, 701 (1) (373 SE2d 210). This enumeration is without merit.

3. In his last enumeration, defendant contends the trial court erred in determining that his custodial statement was free and voluntary, arguing that he was intoxicated at the time of police interrogation.

"[I]ntoxication does not always preclude an individual's making a knowledgeable waiver of his rights. *Strickland v. State*, 250 Ga. 624 (300 SE2d 156) (1983)." *Horton v. State*, 258 Ga. 489, 490 (3) (371 SE2d 384). The totality of the circumstances that precedes the statement must be examined in determining voluntariness. *Williams v. State*, 238 Ga. 298, 300 (1), 302 (232 SE2d 535). In the case sub judice, Detective Tom Bojo of the Rome Police Department testified that he interrogated defendant during the evening after defendant's arrest and that defendant then smelled of alcohol, but that he did not appear to be drunk. Detective Bojo further testified that, before questioning, defendant was advised of his rights under *Miranda v. Arizona*, 384 U. S. 436, supra; that defendant indicated an understanding of his constitutional rights and that defendant was not threatened or coerced into giving a statement. Detective Bojo testified that defendant gave information regarding "his name, date of birth, his address, phone number, social security number [and] high school education." Detective Bojo affirmed that defendant appeared to "understand . . . questions regarding his rights . . ." and that defendant's speech was "coherent" at the time of questioning. This evidence is sufficient to authorize the trial court's finding that defendant knowingly, freely and voluntarily submitted to police interrogation. *Sams v. State*, 258 Ga. 158, 160 (2) (366 SE2d 290).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 12, 1991.

William H. Newton III, for appellant.

Stephen F. Lanier, District Attorney, Leigh E. Patterson, Assistant District Attorney, for appellee.