## A91A1482. GOSWICK v. THE STATE.
### (412 SE2d 293)

SOGNIER, Chief Judge.

Traci Joyce Goswick was convicted by a Whitfield County jury on six counts of financial transaction card fraud (OCGA § 16-9-33 (a)). She appeals from the denial of her motion for new trial, enumerating the general grounds.

Evidence adduced at trial established that a VISA card, account number 4387-6082-35898, was issued to Dana Lewis, appellant's sister. The card expired on November 30, 1989, but Lewis never received the replacement card that was sent to her by mail. During the relevant time period, Lewis lived for a few weeks at the Calhoun home of her mother and then moved to Dalton. Lewis testified that appellant had access to the mail box at both locations.

It was established that the replacement VISA card was used in Dalton seven times during November 1989 — once at a gas station, twice at a store, and four times at a bank automated teller machine. Lewis testified that she made none of these transactions and did not authorize appellant or anyone else to use her card. The signature "Dana Lewis" appeared on the charge slips, and Lewis testified that these signatures appeared to be in appellant's handwriting.

Randy Evans, a Dalton police detective, testified that in response

to a tip from a credit card service, he brought appellant into the police station. After being read her constitutional rights, appellant gave a statement, later reduced to writing, in which she admitted using Lewis's VISA card on the occasions in question. Appellant also provided a handwriting sample to police, which consisted of writing the name "Dana Lewis" several times. Both the statement and the sample were admitted into evidence at trial, but appellant did not testify.

Appellant contends she was entitled to a directed verdict of acquittal because the State provided no corroboration of her confession as required by OCGA § 24-3-53. We do not agree. "[A] conviction may be had on a confession although corroborated only by proof of the corpus delicti. [Cit.]" Nation v. State, 180 Ga. App. 460, 461 (1) (349 SE2d 479) (1986). "The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. Corroboration in any material particular satisfies the requirements of the law." (Citations and punctuation omitted.) Christian v. State, 190 Ga. App. 667, 669 (1) (379 SE2d 807) (1989). Here, evidence that the VISA card was used without Lewis's authorization to obtain goods and money established the corpus delicti, and Lewis's testimony that appellant had access to Lewis's mail and that the signatures on the charge slips closely paralleled appellant's handwriting provided sufficient corroboration of appellant's statement to police. See generally id. Accordingly, we find the evidence met the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Judgment affirmed. McMurray, P. J., and Andrews, J., concur.

DECIDED NOVEMBER 13, 1991.

Michael A. Corbin, for appellant.

Jack O. Partain III, District Attorney, Kermit N. McManus, Assistant District Attorney, for appellee.

