## A93A0993. McCLOUD v. THE STATE.

(435 SE2d 281)

McMurray, Presiding Judge.

Defendant was indicted for burglary (Count 1), aggravated assault (Count 2) and armed robbery (Count 3). The evidence adduced at a jury trial reveals that defendant entered the elderly victim's motel room via a broken window during the early morning hours of September 12, 1991, bludgeoned the victim and fled with the victim's watch and a package of "Snickers" candy bars. Defendant was found guilty of burglary, aggravated assault and the lesser included offense of robbery by force (after being tried for armed robbery). This appeal followed the denial of defendant's motion for new trial. *Held*:

1. In his third and fifth enumerations, defendant challenges the sufficiency of the evidence, contending his confession was not corroborated by other evidence as required by OCGA § 24-3-53. This contention is without merit.

" '(A) conviction may be had on a confession although corroborated only by proof of the corpus delicti. (Cit.) The amount of evidence necessary to corroborate a confession is for the jury to decide, as it may consider the confession along with other facts and circumstances independent and separate from it in determining whether or not the corpus delicti has been established to their satisfaction. (Cit.)' *Nation v. State*, 180 Ga. App. 460, 461 (1) (349 SE2d 479) (1986)." *Smith v. State*, 195 Ga. App. 486, 488 (2) (393 SE2d 743).

In the case sub judice, Detective Bill Williams of the Brunswick Police Department testified that defendant admitted entering the victim's room, beating the victim and taking a bag of "SNICKERS" candy bars. This evidence was sufficiently corroborated by testimony from the victim establishing the corpus delicti of the crimes charged. See *Smith v. State*, 195 Ga. App. 486, 488 (2), supra. Further, Danielle Marie Cocco testified that she and defendant walked by the victim's room a couple of days before the commission of the crimes charged and that defendant then approached "the window [of the victim's room] and said that he knew where we could get some money from, and tried to open the window. . . ." This evidence, testimony of defendant's unauthorized presence on motel property near the victim's room a few hours before the commission of the crimes charged and testimony that defendant was in possession of the victim's watch and several "Snickers" candy bars on the morning after the assault is sufficient to sustain the jury's finding that defendant is guilty, beyond a reasonable doubt, of burglary, aggravated assault and the lesser included offense of robbery by force. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Powell v. State*, 201 Ga. App. 188 (1) (410 SE2d 378). The trial court did not err in denying defendant's motion for directed verdict of acquittal.

2. Defendant contends in his second enumeration the trial court erred in relying on Detective Williams' hearsay testimony in determining whether probable cause existed for his warrantless arrest. This contention is without merit. The testimony given by Detective Williams at the motion to suppress hearing concerned an on-the-scene investigation which led to defendant's apprehension and arrest. The detective's testimony was therefore admissible as original evidence to explain the detective's conduct in arresting defendant. OCGA § 24-3-2; *Miller v. State*, 194 Ga. App. 533, 535 (1b) (390 SE2d 901).

3. In his first enumeration, defendant contends the trial court erred in denying his motion to suppress, arguing that Detective Williams lacked probable cause to make the warrantless arrest. We do not agree.

"Probable cause to arrest exists where, based on objective facts and circumstances, a man of reasonable caution would believe that a crime has been or is being committed. Brinegar v. United States, 338 U. S. 160, 175-76 (69 SC 1302, 93 LE 1879) (1949)." *Williams v. State*, 251 Ga. 749, 792 (312 SE2d 40). In the case sub judice, Detective Williams testified that he arrested defendant after on-the-scene interviews with Danielle Marie Cocco and Jitendra Panchal, the manager of the motel where the victim resided. Detective Williams explained that these crime-scene reports led to defendant's apprehension and arrest on a public sidewalk less than 12 hours after commission of the crimes charged.

Danielle Marie Cocco informed Detective Williams that defendant led her to an area outside the victim's room two or three days before commission of the crimes charged; that defendant there informed Cocco that the victim was elderly, hard-of-hearing and an easy target for theft and that defendant then attempted to open a window into the victim's room, i.e., the same window used by the perpetrator of the crimes charged. Jitendra Panchal reported that he saw defendant on motel property two or three hours before commission of the crimes charged and that he saw defendant a few hours after the assault with "individually-wrapped Snicker bars . . . that matched the description of the items of property which had been taken during the robbery of [the victim]." These on-the-scene reports were sufficient to warrant any prudent person's belief that defendant was the perpetrator of the burglary, robbery by force and aggravated assault upon the victim. Accordingly, the warrantless arrest of defendant was supported by probable cause. See *Waldrip v. State*, 205 Ga. App. 864, 865 (424 SE2d 31).

4. Defendant contends in his fourth enumeration that the trial court erred in failing to give a charge on simply battery. This enumeration is without merit. "A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request

to so charge. *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976)."
*Comer v. State*, 247 Ga. 167 (275 SE2d 309).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED AUGUST 20, 1993.

*James A. Yancey, Jr.*, for appellant.

*W. Glenn Thomas, Jr., District Attorney, Margaret L. Knight, Assistant District Attorney*, for appellee.

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*