S94A0095. GADSON v. THE STATE.
(444 SE2d 305)

SEARS-COLLINS, Justice.

Gadson was convicted of felony murder, criminal attempt to commit armed robbery, and possession of a firearm during an attempt to commit a crime in connection with the shooting death of George Jones, an Albany cab driver. The trial court sentenced Gadson to life

in prison for felony murder, and terms of years for the other offenses.[1] We affirm the conviction and sentence.

1. Construed in the light most favorable to the verdict, the evidence showed that Gadson and two friends called for and entered the victim's cab, Gadson carrying a loaded .38 caliber handgun, intending to rob the victim. When the cab arrived at their destination, Gadson shot the victim in the head, from a distance of two to eight inches, as he and his companions were exiting the cab. We find that the evidence was sufficient to allow a rational trier of fact to find Gadson guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Gadson contends that the trial court erred in refusing to instruct the jury on the lesser-included offense of the unlawful act of involuntary manslaughter, OCGA § 16-5-3 (a). See generally *Jackson v. State*, 258 Ga. 728 (374 SE2d 777) (1988); *Zackery v. State*, 257 Ga. 442, 443 (360 SE2d 269) (1987). We disagree. "A trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge." *Comer v. State*, 247 Ga. 167 (275 SE2d 309) (1981). Therefore, as Gadson failed to present a written request for an instruction on involuntary manslaughter, the trial court did not err in refusing to charge the jury with that offense.

3. On cross-examination of co-indictee Anthony Ragster, Gadson introduced into evidence four statements which Ragster made to law enforcement officials, and questioned Ragster about portions of those statements in an attempt to impeach Ragster by pointing out inconsistencies between Ragster's statements and his trial testimony. On re-direct examination, the state had Ragster read the statements to the jury in their entirety. Gadson now contends the trial court erred in admitting the entire statements, as they contained references to uncharged and unproved criminal conduct allegedly committed by Gadson. After carefully reviewing the record, we find that the trial court did not err in allowing the state to introduce Ragster's statements in their entirety to show that, as a whole, they were not inconsistent with his testimony at trial, see *Wynes v. State*, 182 Ga. 434, 435 (185 SE 711) (1936). Furthermore, as the entire statements are otherwise admissible, they do not become inadmissible simply because they incidentally put Gadson's character into evidence. See *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

4. Gadson gave two tape-recorded statements to police. The state

---

[1] The crimes were committed on May 7, 1992. Gadson was indicted on October 28, 1992, tried January 12-14, 1993, and sentenced on February 25, 1993. Gadson filed his notice of appeal on March 25, 1993, and the transcript was certified by the court reporter on June 7, 1993. The appeal was docketed in this court on October 20, 1993, and orally argued on January 18, 1994.

timely provided Gadson with transcripts of those statements, OCGA § 17-7-210 (b), and allowed Gadson's attorney to listen to the original audio tapes before trial. We find that the trial court did not err in admitting the statements into evidence as "[t]his procedure complies fully with OCGA § 17-7-210 (b)." *Hardin v. State*, 252 Ga. 99, 99-100 (311 SE2d 462) (1984).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 13, 1994.

*Musgrove & Lamb, Kenneth W. Musgrove, Lewis R. Lamb,* for appellant.

*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Matthew P. Stone, Assistant Attorney General,* for appellee.