A96A1184. BIGHAM v. THE STATE.
(474 SE2d 254)

BLACKBURN, Judge.

Ben Bigham appeals his conviction of armed robbery, kidnapping, and two counts of possession of a firearm during the commission of a felony.

As his sole enumeration of error, Bigham contends that the trial court erred in failing to grant him a directed verdict on all counts because there was insufficient evidence for the jury to find that he was guilty. Specifically, Bigham argues that there was insufficient evidence to establish that he was the perpetrator of the crimes charged.

Viewed in the light most favorable to the verdict, the evidence consisted, inter alia, of the testimony of an employee of a Suwannee Swifty store located on U. S. Highway 84 East who testified that, on the evening of December 27, 1994, she was confronted by a man wearing an orange hunter's mask and carrying a gun. She further testified that the man put the gun to her neck, forced her to walk behind the counter against her will, and demanded that she empty the contents of the cash register. At about the same time, an accomplice, also wearing an orange hunter's mask, entered the store. After gathering the money, the two men fled. The employee claimed that approximately $430 was taken in the robbery.

After hearing the news that a Suwannee Swifty store had been

robbed by two men wearing orange face masks, a cashier at a nearby Wal-Mart store, who knew Bigham from school, tipped the police that Bigham had purchased two orange ski masks from her the day of the robbery. The police began a search for Bigham, who was eventually brought in by his cousin and surrendered to authorities. An officer testified that, while in custody and after being advised of his constitutional rights, Bigham confessed that he was the gunman in the Suwannee Swifty store robbery. As part of his testimony, the officer read the recorded confession which was initialed by Bigham. The recorded and initialed confession did not dispute the victim's testimony regarding how the robbery occurred, except Bigham claimed that he held the gun "down by my side." In addition, the Wal-Mart store cashier testified at trial that Bigham had purchased two orange ski masks on the day of the robbery, confirming the information she had given to the police earlier.

"A conviction may be had on a confession although corroborated only by proof of the corpus delicti. The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. Corroboration in any material particular satisfies the requirements of the law." (Citations and punctuation omitted.) *Goswick v. State*, 201 Ga. App. 799, 800 (412 SE2d 293) (1991). The testimony of the victim, which corresponded to Bigham's confession, was sufficient to establish the corpus delicti, i.e., that the crimes actually occurred. See *Christian v. State*, 190 Ga. App. 667, 669 (379 SE2d 807) (1989). Moreover, the testimony of the Wal-Mart cashier that Bigham had purchased two orange ski masks from her on the day of the robbery further corroborated Bigham's confession.

Bigham contends that the confession is unreliable because it was taken after the police had interviewed two other suspects who may have implicated him, and that the police may have constructed a confession statement for Bigham from these prior interviews. He argues that this was a reasonable hypothesis which was not ruled out by the evidence, and thus he was entitled to a directed verdict under OCGA § 24-4-6. OCGA § 24-4-6 provides that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6 is inapplicable, however, because a confession is not circumstantial evidence, and Bigham has failed to offer sufficient proof for us to determine that his confession was invalidly obtained as a matter of law. See *Cooper v. State*, 256 Ga. 234, 236 (347 SE2d 553) (1986).

Accordingly, because we find that a rational juror could have found Bigham guilty beyond a reasonable doubt of the crimes charged, this enumeration is without merit. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

Decided July 23, 1996.

*Brian D. Bellamy, Andrew W. Clark*, for appellant.
*H. Lamar Cole, District Attorney, James E. Hardy, Mark E. Mitchell, Assistant District Attorneys*, for appellee.