## A98A0393. SPARKS v. THE STATE.
### (501 SE2d 562)

McMurray, Presiding Judge.

Defendant James Lewis Sparks, along with three others, was charged in an indictment with aggravated sodomy, by "placing his penis in the anus of [the female victim], . . . with force and against [her] will. . . ." Defendant was further charged with rape. The evidence showed that defendant and three of his friends took advantage of the victim's intoxicated state to commit various acts of sexual assault.

On May 21, 1994, the victim attended a party with a female friend. After consuming some alcohol, the victim was "[g]iddy[, and] was noticeably affected. . . ." Between 2:00 a.m. and 3:00 a.m., she entered a back bedroom where "[t]here was a song playing that [she] liked, and [she] went in there, the room was empty, and [she] had just gone in there and sat down to listen to the song." One of defendant's co-indictees, E. B., "came into the room midway through the song and sat on the bed. . . . [They spoke of their respective] relationship[s] and things like that, just . . . life in general. . . . [But then E. B.] grabbed [the victim] by the arm and pulled [her] onto the bed." While E. B. was orally sodomizing the victim, another co-indictee, A. P. "walked into the room . . . and pulled [the victim's] shoes off and pulled [her] pants down. . . ." E. B. "laid on top of [her] and he put his penis in [her] vagina, and then [a third co-indictee, R. B.] entered and had sex with [the victim] also, vaginal intercourse. . . ." The victim "began pulling [A. P.'s] hair and struggling that way, and telling him no, and to stop. . . . And then when [R. B.] entered [the victim], [she] was close to pretty much in tears at that time, and [she] told him no, and to please stop. . . . [W]hen [R. B.] got off [the victim, defendant] was there to the right of [her]." Defendant "pulled [the victim] off the bed and pushed [her] over it so that [her] face was in the sheets, and he entered his penis in [her] anus." The victim "was crying loudly because it was very painful. . . ." Defendant then "pushed [the victim] from a bending over position to [where she] was right on [her] back on the bed . . . and looked directly above [her], and entered [her] vaginally at that point." The victim "was saying no, please, please just stop, please stop now." Both sexual acts directed by defendant towards the victim were against her will.

In a videotaped custodial interview, defendant admitted having consensual vaginal sex with the victim but denied any act of anal intercourse. The jury found defendant guilty as charged on Count 1, aggravated sodomy. He was acquitted of the indicted offense of rape but nevertheless found guilty of simple battery. His motion for new trial was denied and this appeal followed. *Held*:

1. Defendant first enumerates as error the failure of the trial court to charge the jury on sexual battery and simple battery as lesser offenses included within the indicted offense of aggravated sodomy.

The transcript reflects the following dialogue: "[DEFENSE COUNSEL]: I've thought about the Court giving the lesser included offense of sodomy, I might ask the Court to also give the lesser included offense of sexual battery. [STATE'S ATTORNEY]: I can't think of any lesser included offense that I would oppose. THE COURT: Okay. Stick it in there by agreement of counsel. [DEFENSE COUNSEL]: If counsel would not oppose it I would ask for the lesser included offense of battery by offensive touching, simple battery. [STATE'S ATTORNEY]: Okay. THE COURT: Stick it in there."

The trial court's instructions to the jury charged them on sodomy as a lesser included offense to aggravated sodomy, and then charged that sexual battery and simple battery are lesser offenses included in the charge of rape. The verdict form instructs the jury on five possible verdicts: Count 1, aggravated sodomy; Count 2, rape; Count 3, sodomy; Count 4, sexual battery; and Count 5, simple battery. The trial court expressly instructed the jury that on the verdict form, Count 1, aggravated sodomy, and Count 2, rape, constitute "separate and distinct counts and will have to be decided. . . ."

"The state or the accused may, by written application to the trial judge at or before the close of the evidence, request [the court] to charge on lesser crimes that are included in those set forth in the indictment or accusation, and [the court's] failure to so charge as requested, if the evidence warrants such requested charge or charges, shall be error." (Citation, punctuation, and emphasis omitted.) *State v. Alvarado*, 260 Ga. 563, 564 (397 SE2d 550). But, " '[a] trial judge never errs in failing to instruct the jury on a lesser-included offense where there is no written request to so charge.' *Comer v. State*, 247 Ga. 167 (275 SE2d 309) (1981)." *Gadson v. State*, 264 Ga. 280, 281 (2) (444 SE2d 305).

In the case sub judice, the record is devoid of any written requests submitted by defendant to charge any lesser included offenses. The transcript shows no express request to charge sexual battery and simple battery *as lesser included offenses to the indicted charge of aggravated sodomy*. Rather, defendant's oral request is ambiguous on this point. Contrary to defendant's contention, the trial court's assent to give the instructions orally requested does not specify aggravated sodomy. The charge as given includes instructions on sexual battery and simple battery (as orally requested), without limiting those possible alternative verdicts *only* to Count 2, alleging rape. Defendant did not ask for clarifying instructions regarding the form of the verdict, in the face of direct inquiry by the trial court. If

defendant wished to have the jury instructed on sexual battery and simple battery as lesser-included offenses for *each* of the indicted offenses, he should have made a written request for such additional instructions. *Yearwood v. State*, 198 Ga. App. 389, 390 (3) (401 SE2d 558). Defendant's "oral request did not conform to the procedural rules enumerated [by the Supreme Court of Georgia] in *State v. Stonaker*, 236 Ga. 1 (222 SE2d 354) (1976)." *Barner v. State*, 263 Ga. 365, 367 (3) (434 SE2d 484). We find no error in the court's charge regarding lesser included offenses, in response to defendant's ambiguous oral requests.

2. Defendant moved for a mistrial, alleging the State's Attorney intentionally elicited an emotional outcry from the victim during oral argument, by describing the victim's feelings during the 45-second period in which defendant admitted having (allegedly) consensual intercourse with the victim. The denial of this motion is enumerated as error.

The transcript reflects the following: "[STATE'S ATTORNEY]: Right about now [the victim] is having her anus entered — (Pause) — . . . Now defendant is flipping her over for desert [sic]. . . . (Whereupon the victim cried aloud.) And now we're done." In response to defense counsel's motion for mistrial, the trial court ruled it would "deny the motion[, but] the Court will instruct the jury to totally disregard the emotional outburst of the victim in this case." This instruction was given, after defendant excepted to the denial of the mistrial and further excepted to curative instruction as inadequate.

"It is undeniably the right of every person accused of crime in this State to have a fair and impartial trial, free from any demonstration or disorder of a nature calculated to affect prejudicially the jurors trying his case. *Patton v. State*, 117 Ga. 230, 237 [(9, 10)] (43 S. E. 533). But, in the circumstances of [the case sub judice], we are not prepared to say that the refusal of the trial judge to declare a mistrial[, after giving curative instructions,] was erroneous. See *Clements v. State*, 123 Ga. 547 (515 SE 595); *Brown v. State*, 148 Ga. 264 (96 SE 435). Compare *Glenn v. State*, 205 Ga. 32[, 36] (52 SE2d 319). Motions of this character are addressed to the discretion of the trial judge; and, unless it can be shown that such discretion has been abused and some positive injury done by the occurrence complained of, the discretion of the trial judge will not be controlled. *Inman v. State*, 72 Ga. 269 [(hn. 3)]; *Purvis v. Atlanta Northern Ry. Co.*, 145 Ga. 517 (89 SE 571). We are not authorized by the facts concerning the [victim's single tearful outburst here] complained of to say that the trial judge abused his discretion in denying the defendant's motion for a mistrial. To the contrary, we do not think he did." *Avery v. State*, 209 Ga. 116, 126 (5), 128 (70 SE2d 716), rev'd on other grounds, *Avery v. Georgia*, 345 U. S. 559 (73 SC 891, 73 LE 1244). See

also *Messer v. State*, 247 Ga. 316, 323 (6) (276 SE2d 15).

3. Defendant's third enumeration posits the questions: "(A) whether the State's summary withdrawal without notice of its plea offer for probation, after it had promised to leave the offer open until the day of trial and the defense relied upon that promise, was error subject to specific performance? [and] (B) Whether defense counsel provided ineffective assistance of counsel by not raising this issue with the trial court?"

(a) Defendant's first question within this compound enumeration fails to specify any error allegedly committed by the trial court. See OCGA § 5-6-51 (4). The motion for new trial as amended does not urge the trial court erred in failing to enforce any agreed-upon plea bargain but only complains trial counsel was ineffective by not "moving . . . the Trial Court to enforce the State's offered plea bargain which was promised by the State to be good until the day of trial, but was summarily withdrawn prior. to trial without notice to defendant or his counsel[.]" "Objections presented for the first time on appeal furnish nothing for us to review, for this court is a court for correction of errors of law committed by the trial court where proper exception is taken. . . ." *Butler v. State*, 172 Ga. App. 405, 406 (1) (323 SE2d 628). Consequently, this contention presents nothing for review.

(b) The State's Attorney affirmed he orally informed defense counsel that a plea offer "would be kept open to the day of trial. . . ." He further identified "a copy of [the] plea proposal letter that [he] sent on October 5th of 1995 to the four original trial counsel, including [the attorney who] represented [defendant, and further identified] a letter that [he] sent [by] certified mail, [on] February 20th, [1997,] withdrawing the offer set forth in the 1995 letter." The trial commenced May 12, 1997. Defendant testified at his motion for new trial that trial counsel informed him of the State's offer of a plea bargain, for a single "[f]elony charge, ten years probation and a $1,000 fine." Trial counsel informed defendant the State had withdrawn the offer of a plea bargain in "early '97." Trial counsel also explained to defendant "the concept of First Offender treatment[, but not until] after the trial had started. . . ." Defendant admitted he "[n]ever ma[d]e a final decision as to whether or not to accept the plea offer[.]"

"It is well settled that a plea bargain agreement is a contract under Georgia law which binds both the prosecutor and defendant." *City of Baldwin v. Barrett*, 265 Ga. 489, 490 (458 SE2d 619). "[P]ublic policy dictates that the prosecutor have the authority to make such contracts with the court's approval. [But] a slavish adherence to contract law should be avoided. . . ." *State v. Hanson*, 249 Ga. 739, 744 (3), 746 (295 SE2d 297). See also *Martin v. State*, 207 Ga. App. 861, 862 (429 SE2d 332).

(c) " 'The consent of the parties being essential to a contract,

until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition.' OCGA § 13-3-2. 'This is true even where the (offer) provides that it remains open for a stated time. *State Hwy. Dept. v. MacDougald Constr. Co.*, 54 Ga. App. 310 (1) (187 SE 734) (1936).' *Greene v. Keener*, 198 Ga. App. 565, 566 (402 SE2d 284) (1991). 'Where for a consideration an option is given, or offer made, which it is agreed shall remain open and subject to acceptance for a specified time, the party who thus grants the right to accept during such specified time can not withdraw the right of the other party to accept or assent within that time. . . . If without consideration a continuing offer is made, although the person making it may state a time within which it may be accepted, there is no binding contract, and he may withdraw the offer before acceptance. . . . A mere offer or proposition, until accepted, may be withdrawn. . . . If no time is prescribed for accepting an offer, it must be done within a reasonable time. Civil Code (1910), § 4230 (now OCGA § 13-3-2); (cits.).' *Prior v. Hilton &c. Lumber Co.*, 141 Ga. 117, 118 (1) (80 SE 559) (1913)." *Amwest Surety Ins. Co. v. RA-LIN & Assoc.*, 216 Ga. App. 526, 529 (1) (455 SE2d 106).

In the case sub judice, there is no contention the State's offer to keep the plea bargain open until trial "is supported by any consideration. Accordingly, there [was] no option for the benefit of [defendant], and [the State's plea offer] was revocable at will before acceptance." *Amwest Surety Ins. Co. v. RA-LIN & Assoc.*, 216 Ga. App. 526, 530 (1), supra. It is not a slavish adherence to contract law to insist that a defendant's purported acceptance of any plea offer be communicated to the prosecuting attorney. Here, no such acceptance was made. It follows that defendant's trial counsel did not render ineffective assistance by failing to seek specific performance of a non-existent plea bargain.

4. After a voluntariness hearing, the trial court admitted the videotape of defendant's custodial statement into evidence, and this evidentiary ruling is enumerated as error. Defendant contends his statement was improperly induced because the investigators offered him a hope of benefit. There is no official transcript, but we have twice carefully reviewed the videotape of defendant's hour-long interview in its entirety and repeatedly reviewed the initial segment to which objection is made.

Defendant points to his initial reluctance to speak with the officers after being cautioned of his rights, as demonstrated by a pause of approximately seven seconds during which defendant hangs his head and looks at the floor. As defendant begins to speak, one of the officers then speaks over him and appears to say, "[T]o find out what . . . the accusations are against you. . . . That's the only way

we can do this, . . . if you want information from us, then we've got to get information from you. . . ." Defendant then agreed to talk with the officers. He initially denied any sexual contact with the victim but subsequently admitted having what he thought was consensual intercourse for 45 seconds.

"To make a confession admissible, it must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." OCGA § 24-3-50. "The fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it." OCGA § 24-3-51. "The promise of a benefit that will render a confession involuntary under OCGA § 24-3-50 must relate to the charge or sentence facing the suspect." *White v. State*, 266 Ga. 134, 135 (3) (465 SE2d 277). A reward of lighter punishment is generally the "hope of benefit" to which OCGA § 24-3-50 refers. *Peinado v. State*, 223 Ga. App. 271, 273 (1) (c) (477 SE2d 408) (physical precedent). In the case sub judice, there is no promise of a reduced charge or a lighter sentence. Any possible benefit defendant imagined he was obtaining in response to the investigator's exhortation was entirely collateral. The trial court did not err in admitting this videotape over defendant's objection as to voluntariness.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED APRIL 13, 1998 — ▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

*Michael Abbott*, for appellant.

*Daniel J. Porter, District Attorney, George F. Hutchinson III, David K. Keeton, Assistant District Attorneys*, for appellee.