## A98A1783. McCANT v. THE STATE.
(506 SE2d 917)

JOHNSON, Presiding Judge.

A jury found Joe Lewis McCant guilty of two counts of theft by taking. McCant appeals from the conviction entered on the jury's verdict, and we affirm.

Viewed in a light most favorable to support the jury's verdict, the evidence shows that Greg Barnett, a Zone Assets Protection Analyst for Taco Bell, was asked by Dave Dannunzio, Taco Bell's Office Market Manager, to review the financial data from one of Taco Bell's stores because the store was issuing excessive refunds. Barnett reviewed the store documents and realized the store had a problem with refunds and that there was a high probability that theft was occurring. The store had a refund percentage 12 times higher than

[12] Id.
[13] Id. at 648. See *Chemin v. State Farm Mut. Auto. Ins. Co.*, 226 Ga. App. 702, 704, n. 2 (487 SE2d 638) (1997).

the standard for Taco Bell stores. Review of the business summaries and transaction histories also showed that during the night shift, the store experienced negative sales, meaning it was giving more money to customers in refunds than it was actually receiving from customers in sales.

Manager approval is needed to issue a refund, and McCant was the shift manager on duty over 90 percent of the time when the excessive refunds and negative sales occurred. The evidence revealed that McCant was the manager on duty July 26-29, 1995. The refunds on those four days were $217, $223, $232, and $250. Between July 30 and August 1, 1995, days McCant did not work, the refunds were $0, $5.21, and $2.51.

Barnett determined the refunds were fraudulent and estimated that Taco Bell's loss totaled over $3,300. The jury heard evidence that during a meeting with Barnett, McCant admitted he took approximately $5,000 from the store by processing fraudulent refunds and that he used the money to pay his bills. He informed Barnett that he began by taking only $10 or $20 at a time, but later began taking between $50 and $200 at a time. McCant told Barnett he would process a large refund at one time by entering 20 burritos, 20 tacos, and so forth, hit the refund key, and take the money for his own personal use. This practice was confirmed by Taco Bell's documents, which showed that on July 27, 1995, during McCant's shift, there was one refund transaction for $157. McCant also admitted to several Taco Bell managers that he took $5,000 from Taco Bell. When asked to make a written statement, McCant refused because he was on probation. He told Dannunzio he would make a written statement only if Taco Bell agreed not to press charges. At trial, McCant denied telling any of these people that he took money from Taco Bell.

1. McCant claims the evidence was insufficient to support the jury's verdict because the state failed to provide corroboration of his confession as required by OCGA § 24-3-53. We do not agree. "A conviction may be had on a confession although corroborated only by proof of the corpus delicti. The corroborating evidence or circumstances need not connect the defendant definitely with the perpetration of the offense. Corroboration in any material particular satisfies the requirements of the law." (Citations and punctuation omitted.) *Goswick v. State*, 201 Ga. App. 799, 800 (412 SE2d 293) (1991). The jury must determine the amount of evidence necessary to corroborate a confession. *McCloud v. State*, 210 Ga. App. 69 (1) (435 SE2d 281) (1993).

In the present case, Barnett's testimony that Taco Bell lost over $3,000 due to fraudulent refunds established the corpus delicti. Witness testimony and documentary evidence that McCant was shift manager during each of the times the store experienced excessive

refunds and negative sales and that the shift manager had to approve all refunds provided sufficient corroboration of McCant's statements to Taco Bell employees. This evidence was sufficient for a rational trier of fact to find McCant guilty beyond a reasonable doubt of theft by taking under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Bigham v. State*, 222 Ga. App. 353 (474 SE2d 254) (1996); *Goswick*, supra.

2. McCant next contends the trial court's charge on the law of confessions was incomplete and failed to provide the jury with the proper guidelines for determining guilt or innocence. Specifically, McCant contends the trial court failed to instruct the jury that (1) before using his statement, the jury must find it was corroborated by proof of the corpus delicti; and (2) proof beyond a reasonable doubt that a crime has been committed may, but does not necessarily, constitute supporting evidence of the defendant's statement. We disagree.

We note initially that McCant did not make an oral or written request that the jury be charged as to either of these matters of law. In general, if a defendant fails to request a charge in writing, the trial court does not commit error in failing to give the charge. *Slaughter v. State*, 227 Ga. App. 739, 741 (2) (490 SE2d 399) (1997) (no error in not giving charge regarding number of witnesses required and effect of corroboration when not requested in writing). However, relying on OCGA § 5-5-24 (c) and *Carswell v. State*, 179 Ga. App. 56 (345 SE2d 66) (1986), McCant urges this Court to find that the trial court committed a substantial error which was harmful as a matter of law.

At McCant's request, the trial court charged the jury on OCGA § 24-3-53: "All admissions shall be scanned with care and confessions of guilt shall be received with great caution. A confession alone uncorroborated by any other evidence, shall not justify a conviction." The trial court also charged the jury regarding the presumption of innocence and the state's burden of proving all the elements of the crime.

Considering the jury instructions as a whole, which we must do (*Douglas v. State*, 228 Ga. App. 368, 370 (4) (491 SE2d 821) (1997)), we find that the trial court did not err by failing to charge the jury as alleged. See *Barnes v. State*, 260 Ga. 398, 399 (3) (396 SE2d 207) (1990) (no error in not giving oral request to charge regarding the state's burden of proving the corpus delicti). The charges as a whole adequately covered the applicable principles of law, and there was no substantial error in the charge which was harmful as a matter of law. Id.

McCant's assertion in his appellate brief that trial counsel was ineffective due to his failure to request complete instructions in this

area is waived. This ground of ineffectiveness of trial counsel was not raised in McCant's amended motion for new trial. A defendant has an obligation to raise all allegations of ineffective assistance of counsel at the earliest practicable moment and any allegation not raised is waived. *Hayes v. State*, 262 Ga. 881, 882 (2) (426 SE2d 886) (1993).

3. McCant claims he was denied effective assistance of counsel because trial counsel failed to call several witnesses. To establish ineffectiveness of trial counsel, McCant must show both that trial counsel's performance was deficient and that the deficient performance prejudiced the defense. See *Bradford v. State*, 221 Ga. App. 232, 234 (3) (471 SE2d 248) (1996). McCant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. See *Powell v. State*, 198 Ga. App. 509, 510 (1) (402 SE2d 108) (1991). In addition, the trial court's determination that McCant was afforded effective assistance of counsel will be affirmed on appeal unless that determination is clearly erroneous. See *Bradford*, supra at 235.

At the hearing on the motion for new trial, trial counsel testified that he interviewed the potential witnesses that McCant wanted to call at trial. After interviewing McCant's wife, trial counsel determined that the only testimony she could offer was that she and McCant were behind on their bills and that she had medical expenses. Trial counsel did not call McCant's wife because her testimony would have provided a motive for McCant to steal money. Trial counsel also interviewed Taco Bell employees who McCant wanted to call to testify that people other than managers could authorize and process refunds. Based on interviews with the potential witnesses he could locate, trial counsel determined that none of the witnesses would support McCant's contention that non-managers processed refunds and none would be able to challenge the expected testimony from the state's witnesses. Trial counsel did not call these witnesses because, based on his interviews with them, their testimony would show that McCant had the opportunity to steal money from Taco Bell and was not following proper procedures for counting the cash drawers.

Trial counsel's decision not to call the potential witnesses was a tactical decision based upon sound reasoning. "The decision as to which defense witnesses will be called is a matter of trial strategy and tactics, and tactical errors do not constitute ineffective assistance of counsel. The fact that appellant and his present counsel now disagree with the difficult decisions regarding trial tactics and strategy made by trial counsel does not require a finding that appellant received representation amounting to ineffective assistance of counsel." (Citations and punctuation omitted.) Id. In addition, McCant has failed to demonstrate a reasonable probability that, but for trial

counsel's failure to call the witnesses, the outcome of the trial would have been different. This enumeration lacks merit.

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED SEPTEMBER 17, 1998.

*Virginia W. Tinkler*, for appellant.

*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Noah H. Pines, Assistant District Attorneys*, for appellee.