**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 30, 2014**

# In the Court of Appeals of Georgia

A14A1132. KOLBUS et al. v. FROMM et al.

ELLINGTON, Presiding Judge.

Brian and JoAnn Kolbus, pro se, appeal from an order of the Superior Court of Oconee County which enforced an oral settlement agreement purportedly reached between the Kolbuses and the appellees, Chris and Teresa Fromm, in this suit concerning a breach of contract claim. The Kolbuses contend that the court erred in granting the Fromms' motion to enforce an oral agreement to settle the suit for $966.67 because the evidence does not support a finding that such a settlement was reached. We agree and reverse.

> We apply a de novo standard of review to a trial court's order on a motion to enforce a settlement agreement. Because the issues raised are analogous to those in a motion for summary judgment, in order to succeed on a motion to enforce a settlement agreement, a party must show the court that the documents, affidavits, depositions and other

evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of the [a]ppellant's case. Thus, we view the evidence in a light most favorable to the nonmoving party.

(Citation and punctuation omitted.) *Johnson v. DeKalb County*, 314 Ga. App. 790, 791 (726 SE2d 102) (2012). Although the trial court did not make any explicit factual findings, its decision to grant the motion to enforce the settlement agreement necessarily means that it found that the Kolbuses had agreed to settle their claims for $966.67.

So viewed, the record shows the following. On August 9, JoAnn Kolbus returned a telephone call from the Fromms' lawyer, Brian Carney.[1] According to Carney, JoAnn Kolbus said that she and her husband would settle their breach of contract claim[2] for $966.67. The parties vigorously dispute whether JoAnn Kolbus

---

[1] This telephone conversation was recorded. The court listened to the recording in camera, but determined that it was "inaudible." The court declined to make the recording part of the record below.

[2] The appellate record in this case includes a few pleadings and the hearing transcript concerning the motion to enforce the settlement agreement, but nothing concerning the underlying suit. It appears, based upon the assertions contained in the parties' briefs, that the parties were codefendants in a previous lawsuit, and that the Kolbuses claimed that they entered into an oral agreement with the Fromms to share costs incurred in the previous suit. A jury trial on that breach of contract claim allegedly began in the superior court in July 2012, but ended in a mistrial. A new trial was allegedly scheduled for August 12,

indicated during this conversation that the offer was intended to leave open an option for the Fromms to file a motion against them for OCGA § 9-15-14 attorney fees. According to Brian Kolbus, Carney asked JoAnn Kolbus to put the settlement demand in writing and email it directly to the Fromms.

The record shows that JoAnn Kolbus sent an email to Chris Fromm stating that their "final offer" was "$966.67 . . . to settle all claims." Shortly thereafter, Carney emailed the Kolbuses that the Fromms had accepted the offer. In his email, however, Carney asserted that the Fromms "retain the right to file any [OCGA §] 9-15-14 claims they desire." Brian Kolbus emailed Carney back, asserting that their offer was a settlement of *all* claims, including any attorney fee motions or abusive litigation claims. He further stated that his offer remained open only until 4:00 p.m. that day. There is no evidence that Carney responded to this offer. On August 12, the parties appeared in court, and the Fromms made an oral motion to enforce the alleged settlement agreement. The court granted the motion, and this appeal followed.

Pretermitting whether JoAnn Kolbus made the oral offer of settlement that the Fromms' attorney contends that she did, she modified the offer in her email before any acceptance occurred. It is clear from the record before us that Carney did not

2013. The parties engaged in settlement negotiations on August 7, but did not reach an agreement at that time.

3

immediately accept the alleged oral offer; rather, he directed JoAnn Kolbus to email the offer directly to the Fromms for their consideration. The time stamps on the emails submitted to the court show that JoAnn Kolbus sent her email before Carney relayed the Fromms' acceptance. As we have explained, "[a]n offer to contract may be withdrawn [or modified] by the offeror before its acceptance by the offeree." (Citation and punctuation omitted.) *Greene v. Keener*, 198 Ga. App. 565, 566 (402 SE2d 284) (1991). See also OCGA § 13-3-2 ("The consent of the parties being essential to a contract, until each has assented to all the terms, there is no binding contract; until assented to, each party may withdraw his bid or proposition.")

Because the Fromms had not yet accepted JoAnn Kolbus's alleged telephone offer, she was entitled to withdraw it or to modify it – which she did by email to Chris Fromm, making clear that the settlement would encompass *all* claims. Because JoAnn Kolbus withdrew her telephone offer by changing its terms before the Fromms accepted it, and because the record before us shows no other basis for concluding to the contrary, the trial court erred in enforcement of the settlement agreement.

*Judgment reversed. Phipps, C. J., and McMillian, J., concur.*